## 62588. FOSTER v. THE STATE.

Banke, Judge.

This is the second appearance of this case before this court. On the first appearance, we vacated the defendant's robbery conviction and remanded for a new hearing on his motion to exclude certain eyewitness-identification testimony. That motion was based on a contention that immediately prior to trial, a courtroom lineup was conducted to which defense counsel was not invited. Such a procedure would, of course, have constituted a denial of the defendant's Sixth Amendment right to counsel. See *Foster v. State,* 156 Ga. App. 672 (2) (275 SE2d 745) (1980). The issues to be considered on remand were (1) whether defense counsel was in fact absent from the courtroom during the identification procedure and (2) whether, if so, the witness' identification testimony at trial was based on the lineup identification. After hearing additional evidence on these issues, the trial court ruled that counsel was in fact absent during the pre-trial identification procedure but that the witness' trial testimony had an "independent origin" and was thus admissible. *Held:*

The record supports the trial court's ruling. In the first place, the circumstances surrounding the "lineup" were examined thoroughly, and it is clear that the witness' selection was not influenced by any extraneous factor. She was simply instructed to go into the courtroom and to attempt to identify the assailant from among the persons present therein. She promptly identified the defendant, who was seated in the jury box along with five other criminal defendants who had been selected at random from among those in custody awaiting trial. All were black males. Defense counsel was standing just outside the courtroom and was immediately informed of the witness'

selection. He thus had ample opportunity to ascertain whether the grouping of the defendants in the jury box was suggestive. Furthermore, it appears that the witness had ample opportunity to observe the defendant at the time of the commission of the offense and that her attention was in fact focused upon him. Based on all of these factors, we must sustain the trial court's determination that her identification at trial was based on an "independent origin" rather than upon any irregularity in the pre-trial identification procedure. See generally Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1973); *Powers v. State,* 147 Ga. App. 459 (249 SE2d 292) (1978).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 6, 1981.

*Vernon S. Pitts, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, A. Thomas Jones, Assistant District Attorneys,* for appellee.