64372. FLORENCE v. THE STATE.

BANKE, Judge.

The appellant was convicted of four counts of armed robbery and one count of aggravated assault based on evidence that he and an accomplice robbed four supermarket cashiers at gunpoint and then shot a security guard. On appeal from the denial of his motion for new trial, he contends that the court erred in allowing evidence that he had committed a prior unrelated shooting, in allowing evidence of other supermarket robberies in which he had participated, and in allowing the identification testimony of various witnesses who had allegedly been exposed to unduly suggestive identification

procedures.

The four cashiers and the security guard positively identified the appellant as one of two black males who held up the store at gunpoint on July 18, 1981. The security guard further testified that the appellant shot him when he pursued the two men outside. The guard and two of the cashiers went to police headquarters about a week later to review photographs of possible suspects. Although each of these witnesses looked through numerous photographs without making an identification, each subsequently chose the appellant from a display of six photos assembled by a detective. Copies of these photographs are contained in the record. Each depicts a black male with a moustache, and there is nothing about the display which would suggest the appellant to be the suspect. Two of these three witnesses were later present at a lineup at which they chose the appellant from among five other black males. Neither the photograph of this lineup, which appears in the record, nor any other evidence indicates that there was anything suggestive about the lineup procedure.

The two cashiers who had not seen the photographic display identified the appellant at a court proceeding held two weeks prior to trial. Both appeared in court in response to subpoenas, having received no prior instructions about making an identification, and both recognized the appellant as he and two other criminal defendants walked into the jury box wearing handcuffs. Although the appellant's name appeared on the subpoenas, each witness testified that the appellant was not identified to her by name before she made her identification.

Five other witnesses identified the appellant as having been a participant in a total of three other supermarket robberies which occurred in June and July of 1981. In each robbery, the appellant had been unmasked and been accompanied by one accomplice. Also, in each case one of the assailants had taken money from the business office while the other robbed the cashiers.

The appellant was arrested on August 13, 1981. Later that day, he gave the following statement to police: "On 8-13-81 I was arrested for armed robbery. I did not rob anyone. I deal drugs and I do a little pimping every now and then to make money. I don't take anything from anyone. About two weeks ago on a Friday afternoon I shot this guy named Love because he told my wife that he would take her and drag her over Hollywood Court and stomp that baby out of her ass. My little girl said something and he told her that he would beat her ass too. It was an innocent bystander got shot while I was trying to shoot Love. I am very sorry." This statement was admitted into evidence over objection. The appellant subsequently testified that he had been at his aunt's house all day on July 18, having moved from his

home the previous day after shooting Mr. Love. This testimony was corroborated by his wife. *Held:*

1. Where the statement at issue is an integral part of a confession to the crime for which the defendant is on trial, it is not rendered inadmissible because the language used therein indicates that the accused committed some other, separate offense. *Dampier v. State,* 245 Ga. 427 (10), 433-434 (265 SE2d 565) (1980). The admissions contained in the appellant's statement, however, had nothing whatsoever to do with the conduct for which he was on trial. Indeed, the statement cannot be construed as anything other than a denial of the offenses for which he was on trial. Thus, the only possible evidentiary function which the statement could have served as far as the state was concerned was an impermissible one, i.e., to impugn the appellant's character before the jury by showing that he was generally prone to criminal conduct. It follows that the trial court erred in admitting it. See generally Code § 38-202; *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) (1952). However, the appellant's admission that he had shot Mr. Love could not have been harmful to him in view of the fact that his alibi was referenced to this same event. As for the appellant's statements that he dealt drugs and pimped to make money, these were also exculpatory in the context in which they were offered, that is, as proof that he did not have to stoop to robbery in order to make a living. Viewed in this context, and in the context of the overwhelming evidence of guilt in this case, we find that the court's error in allowing the statement was harmless, i.e., it is highly probable that it did not contribute to the verdict. See generally *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976).

2. The *modus operandi* of the three other supermarket robberies in which the appellant was identified as having participated was very similar to that of the robbery for which he was on trial. Each occurred within the same 8-week period, and each was committed by two unmasked, armed men, one of whom took money from the cash registers while the other went to the business office. It follows that proof of these separate and distinct offenses was admissible for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. See generally *State v. Johnson,* 246 Ga. 654 (272 SE2d 321) (1980).

3. We find nothing suggestive about any of the pre-trial identification procedures. As indicated previously, each of the three victims who viewed the photographic display chose the appellant's photo after having previously reviewed numerous photographs on file at police headquarters without making an identification. Two of these witnesses later chose the appellant from a lineup which appears to have been conducted in an exemplary fashion. The other two

victims simply recognized the defendant of their own accord while attending a court proceeding under circumstances which could not have permitted the exercise of any influence over their selections by any law enforcement official. Accord, *Foster v. State,* 160 Ga. App. 326 (287 SE2d 323) (1981); *Prater v. State,* 148 Ga. App. 831 (7) (253 SE2d 223) (1979). We reject the appellant's contention that he was denied his right to counsel at this courtroom "lineup." It is clear from the record that defense counsel was in the courtroom at the time and that he had previously been notified that two witnesses would be present who would be called upon to make an identification.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JULY 6, 1982.

*Robert L. Ridley,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, A. Thomas Jones, Assistant District Attorneys,* for appellee.