70676. COOK v. THE STATE.
(335 SE2d 706)

BENHAM, Judge.

Appellant was convicted of the armed robbery of a Glynn County restaurant. On appeal he enumerates as error the denial of his motion for mistrial and the content of the trial court's jury charge on alibi.

1. Two of the four people who identified appellant as the armed, unmasked perpetrator of the robbery testified that, at the request of the district attorney, they had sat in the courtroom during the two-hour voir dire and had picked out appellant as the robber as he walked into the courtroom. While one of these witnesses had previously perused several volumes of mugshots and had picked out appellant's photo as that of the armed robber, the other witness had not been able to identify any photo as that of the assailant. Both witnesses stated that their in-court identification of appellant was based upon the robbery encounter. Appellant's counsel sought a mistrial and was denied.

The admission of the identification testimony and the denial of the motion for mistrial were correct in light of the fact that both of the questioned witnesses stated that they based the identification of appellant as the armed robber on their encounter with him during the

robbery. If the identification by the witness has an independent origin, it is not reversible error that the procedure used may have been somewhat suggestive. See *Robinson v. State*, 164 Ga. App. 379 (3) (296 SE2d 225) (1982). While we question the district attorney's strategy practiced herein, we cannot call it reversible error to place a witness in a room of people, including the defendant, with the hope that the witness will recognize the suspect as the perpetrator. See *Foster v. State*, 160 Ga. App. 326 (287 SE2d 323) (1981).

2. The trial court's alibi instruction was nearly identical to the first paragraph of the alibi charge discussed in *Patterson v. State*, 233 Ga. 724 (7) (213 SE2d 612) (1975). Appellant claims as error the inclusion of this instruction and the exclusion of his requested charge, which tracks the charge approved by the Supreme Court in *Patterson*. Id. at 730, fn. 1. Even though appellant's request is the approved pattern instruction on alibi, the charge given by the trial court contained the basics of the pattern charge and did not contain the burden-shifting language found to be error in *Patterson*. See *Hill v. State*, 237 Ga. 794 (3) (229 SE2d 737) (1976); *Wright v. State*, 169 Ga. App. 693 (2) (314 SE2d 709) (1984).

3. In light of our holdings in Divisions 1 and 2, it was not error to deny appellant's motion for new trial.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur in the judgment only.*

DECIDED SEPTEMBER 24, 1985 —
REHEARING DENIED OCTOBER 4, 1985 — 

*Randall M. Clark*, for appellant.
*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney*, for appellee.