## 42923. MERRITT v. THE STATE.
### (339 SE2d 594)

CLARKE, Justice.

James Merritt was convicted of the murder of Samuel Legree Jones.[1] Merritt admitted shooting the victim four times. He also admitted stealing the victim's car, watch and ring. His defense was killing in the heat of passion or justification. A Fulton County jury found him guilty of murder and theft by taking. He was sentenced to life imprisonment for the murder and ten years for the theft, the sentences to run consecutively. He appeals, and we reverse.

1. The evidence presented to the jury was sufficient to convince any rational trier of fact of the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his first enumeration of error, appellant contends that during the trial his character was put in issue three times by witnesses for the state.

The first allegation that his character was placed in issue emanated from the testimony of Detective Brooks who testified that in his attempt to establish appellant's identity he asked him if he were not the same James Merritt who threw a molotov cocktail at his grandfather.

The second allegation that the state raised the issue of appellant's character arises from testimony of Officer Earls who, when questioned about the arrest of appellant, stated, "I asked a couple of other units to kind of cover the back side because I understood he likes to run."

Appellant contends that his character was put in issue a third time when Officer Cumberworth was asked, "In regards to this case, did you ever read the defendant his Miranda warnings?" She replied, "Yes." We find that the officer's reply that she had read appellant his Miranda warnings does not put his character in issue. Appellant argues that her failure to elaborate her answer left the impression that the officer had other occasions to give appellant *Miranda* warnings. We cannot find that the jury received this impression.

The state contends that the other two statements cited by appellant as putting his character in issue were statements concerning relevant evidence which incidentally impugned the character of appel-

---

[1] The crime occurred on August 28, 1984. The grand jury returned an indictment against appellant on October 16, 1984. A bench warrant for appellant's arrest was filed November 30, 1984. He was convicted by a jury on February 6, 1985, and sentenced February 7, 1985. A motion for new trial was filed March 1, 1985, amended July 29, 1985, and denied September 9, 1985. The notice of appeal was filed September 23, 1985, and the transcript certified November 13, 1985. The case was docketed in this court November 19, 1985, and submitted for opinion January 3, 1986.

lant. Such evidence is not inadmissible. *Ledesma v. State*, 251 Ga. 885 (311 SE2d 427) (1984), cert. denied, ___ U. S. ___; *Duck v. State*, 250 Ga. 592 (300 SE2d 121) (1983).

Appellant contends that the court erred in allowing testimony that appellant threw a molotov cocktail at his grandfather a year and a half before his arrest for the murder of the victim. Appellant argues that this testimony impugned his character. Detective Brooks was allowed to testify that appellant had given a false name to Officer Earls and that he had asked appellant, "Aren't you James Merritt?" After appellant replied that he was, Detective Brooks then asked, "Are you the James Merritt that had thrown a Molotov cocktail at your grandfather about a year and a half ago?" Appellant said, "Yes." The detective testified as follows: "I asked him, 'Was you mad at him, why did you do that,' and he said he just wanted to see a man burn."

The state contends that this testimony was incidental to relevant testimony concerning the identity of appellant. We cannot agree. The identity of appellant was not an issue at trial and, if it had been, appellant had admitted his identity prior to the question concerning the molotov cocktail.

We strongly disapprove the gratuitous introduction of irrelevant and prejudicial material, particularly where, as here, the prejudicial testimony is elicited from a witness by the prosecutor. We find that this testimony impugned appellant's character and was so prejudicial that its admission demands reversal.

The state argues that Officer Earls' statement that he asked for back up units during appellant's arrest "because I understood he likes to run" was relevant testimony which only incidentally impugned appellant's character. We find that this testimony was not relevant and that it seriously impugned appellant's character. However, because there was no contemporaneous objection to the testimony, we do not reverse on this ground. Although there was a motion for a mistrial, the testimony of another witness intervened between the testimony and the motion for mistrial. The failure to object contemporaneously constitutes a waiver. *Cape v. State*, 246 Ga. 520 (272 SE2d 487) (1980).

3. Appellant next enumerates as error the failure of the state to furnish him with a copy of the molotov cocktail statement ten days prior to trial pursuant to the discovery rule of OCGA § 17-7-210 (d), which provides: "If the defendant's statement is oral, no relevant and material (incriminating or inculpatory) portion of the statement of the defendant may be used against the defendant unless it has been previously furnished to the defendant, if a timely written request for a copy of the statement has been made by the defendant." Since the oral statement of defendant in question is neither material nor relevant to the question of his guilt or innocence of the crime of the mur-

der of the victim, the prosecutor was under no duty to produce a copy of the statement to appellant ten days prior to trial. Further, appellant now has the statement so the issue of its discovery will not arise on retrial.

4. The final enumeration of error is the appellant's contention that the trial court erred in admitting two statements which were involuntarily made. Appellant argues that after he made a statement to police an officer stated that he knew appellant did not want to return to jail. Therefore, appellant claims, his first statement and the inconsistent statement which he made after the officer's remark were involuntary. The court found his statements to be voluntary after a Jackson-Denno hearing. Unless clearly erroneous, the trial court's findings relating to the admissibility of a confession will be upheld. *Berry v. State*, 254 Ga. 101 (326 SE2d 748) (1985). We find no error here.

*Judgment reversed. All the Justices concur, except Smith, J., who concurs in the judgment only.*

DECIDED FEBRUARY 19, 1986.

*John Thomas Chason*, for appellant.

*Lewis R. Slaton*, District Attorney, *Benjamin H. Oehlert III*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, for appellee.

