43432. STITT v. THE STATE.
(345 SE2d 578)

GREGORY, Justice.
Roger Lee Stitt was convicted in Hall Superior Court of felony murder and three related traffic offenses. He appeals from his conviction and life sentence for felony murder.

From the evidence presented the jury was authorized to find that Stitt entered a service station on an I-85 interchange in Jackson County in the early morning hours of January 18, 1985. He struck the

73-year-old attendant with some object, knocking him unconscious, and then robbed him of an undetermined sum of money. He left the scene in a U-Haul rental truck and was pursued by deputies from the Jackson County sheriff's office. In Hall County, still fleeing from the officers, he drove the truck across the centerline of a two-lane highway into the side of an automobile causing it to run off the highway, down an embankment and crash, killing a passenger, Karen Denise Ingram.

Stitt offered no evidence. However, the State introduced as part of its case-in-chief a pretrial statement given by Stitt to investigating officers. In his statement he admitted the robbery but said he acted under the coercion of another. He told the officers he had been hitchhiking when he was given a ride by a man driving the U-Haul truck. This man threatened to kill him if he refused to rob the service station attendant. He further stated that the other man was driving the truck at the time of the fatal collision.

1. Stitt contends error was committed when his pretrial statement was introduced because in it he stated he had a "drinking problem" and that he had been "busted for burglary." This, he says, violates the prohibition against admission of evidence of a defendant's general bad character unless he puts his character in issue. OCGA § 24-9-20 (b).

Identity was an issue in this case. The robbery victim saw Stitt only briefly before he was struck. The officers pursuing him in the truck could not see him clearly. At the end of the chase the U-Haul truck was driven across a pasture into some woods. Stitt was found nearby several hours later. Therefore, his admission of participation in the robbery and being present in the truck was evidence to identify Stitt and support the State's contentions. He said in his statement that he was drinking heavily on the night in question. That he had a drinking problem supports this statement and both of these circumstances are relevant and in support of the State's contentions regarding Stitt's conduct during the events of January 18. One of the convictions below, not appealed from, was DUI. Evidence which is relevant is not rendered inadmissible because it incidentally places a defendant's character in issue; therefore, even if the statement that Stitt had a drinking problem placed his character in evidence it was not error to admit it in this case. *Dampier v. State*, 245 Ga. 427, 433 (10) (265 SE2d 565) (1980).

The second matter objected to, when placed in context, was also properly admitted. In giving his statement to the officers, Stitt admitted his presence at the service station but explained that he was forced by another to commit the robbery. He stated that as they approached the station, "He had asked me if I had ever pulled any armed robberies and stuff. This was before we got to the station. I

told him no. I had been busted for burglary but I ain't never messed around with guns." Identity was the issue. Part of the proof was Stitt's statement that he was there at the scene. An inseparable part of that statement was his explanation for being there. There was no error under *Dampier*, supra.

Stitt relies on *Merritt v. State*, 255 Ga. 459 (2) (339 SE2d 594) (1986). As we noted there, identity was not an issue and the very prejudicial evidence of prior misconduct was irrelevant. The contrary is true here.

2. Stitt contends he was denied the right to cross-examine an officer regarding a second participant in the crimes. Defense counsel asked the officer if he had "come across any evidence that indicated there was more than one person in the U-Haul van?" The answer was no. Counsel had in his possession a statement given by a customer who happened on the scene who said he believed there were two robbers. The court refused to allow impeachment of the officer's testimony by use of the statement of the customer. Counsel's position was that the officer knew of this statement and this tended to impeach his testimony that he knew of no evidence of two robbers. The court would have admitted the entire statement but counsel refused because he wished to have opening and concluding arguments and therefore declined to offer any evidence. The officer's position was that he did not consider the statement evidence but merely hearsay. Counsel's real desire may have been to get in some evidence of a second robber other than his client's pretrial statement. For this, the customer should have been called as a witness. The impeaching value of the statement as related to the officer's testimony was de minimus. Under these circumstances we cannot say the trial court abused its discretion in denying cross-examination. *Hooks v. State*, 253 Ga. 141 (3) (317 SE2d 531) (1984).

3. We are informed that Stitt was convicted in Jackson County of the robbery of the service station attendant. It was this robbery which was the predicate felony for the murder conviction in this case. We have held that if there is a single victim one may not be convicted both of the underlying felony and of felony murder. *Woods v. State*, 233 Ga. 495 (212 SE2d 322) (1975); *Atkins v. Hopper*, 234 Ga. 330 (3) (216 SE2d 89) (1975). This is not the rule where there are separate victims. *Satterfield v. State*, 248 Ga. 538 (3) (285 SE2d 3) (1981). Stitt asks us to overrule *Satterfield*, supra, and similar cases. This we decline to do.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 15, 1986.

*G. Hammond Law III*, for appellant.

*Bruce L. Udolf, District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.