74018. PEREZ v. THE STATE.
(356 SE2d 706)

McMURRAY, Presiding Judge.

The defendant was convicted of the offense of aggravated assault.

The evidence adduced at trial, viewed in favor of the verdict, shows that on the evening of February 17, 1986 the victim, Maddox, and his girl friend, Dima, went to defendant's apartment to talk about some money defendant owed Maddox. Defendant told Maddox he did not have the money then, but to come back the next morning and he would pay him. The following morning about 8:30 or 9:00, Maddox called defendant. Defendant's girl friend, Holley, answered the telephone and told Maddox that defendant was asleep and would not come to the phone. After attending to some business Maddox and Dima arrived at defendant's apartment about 10:30 or 11:00 a.m. and were greeted by Holley, who asked them to come in and sit down while defendant was in the bedroom getting dressed. Another man, White, was sitting on the couch. The testimony at trial disclosed that while the four of them sat around chatting, defendant came out of the bedroom and approached Maddox out of his line of vision, grabbed him by the hair on the top of his head, pulled his head back, and put a knife to his throat. Maddox stood up and snapped his head back trying to get defendant to let go of his hair so he could escape, and felt blood coming out of his neck. Maddox and Dima ran from the apartment and went to Med-First where the doctor used 60 stitches to close the wound in Maddox's throat. Neither Maddox nor Dima was armed and there were no harsh words exchanged prior to the attack. The DeKalb County police were called and went to defendant's apartment where they were admitted by Holley and found defendant hiding in a closet. The investigator identified himself to defendant, told him he was under arrest, showed him the arrest warrant and read him the *Miranda* (*Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16

LE2d 694)) rights. The investigator noticed blood on the carpet between the sofa and the front door, and during interrogation at the police department the investigator told defendant he would have to get a search warrant to look for evidence in defendant's apartment. Defendant told him that it would not be necessary, "that, in fact, it was the blood of the victim" on the carpet. Defendant's motion for new trial was denied and he now appeals. *Held*:

1. The evidence was sufficient for a rational trier of fact to find defendant guilty of aggravated assault beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hiers v. State*, 179 Ga. App. 181 (345 SE2d 900) (1986).

2. The trial court did not err in refusing to give defendant's requested charge concerning the lack of an obligation of an accused to retreat where he has a reasonable fear of a felonious assault, as such an instruction was not adjusted to the evidence. Cf. *Smith v. State*, 180 Ga. App. 422, 424 (2) (349 SE2d 279) (1986). Although defendant testified that Maddox had been "harassing" him to repay the $40 he owed him, there was no evidence from any of the four eyewitnesses that Maddox spoke any harsh words or made any threatening moves toward defendant prior to the attack which would reasonably cause defendant to fear an assault. Indeed, defendant's girl friend Holley testified that she thought the cut suffered by Maddox was an accident, and that "it wasn't like [defendant] was being attacked and he had to defend himself." See generally *Crosby v. State*, 150 Ga. App. 555, 556 (2) (258 SE2d 264) (1979).

3. Defendant contends that the trial court improperly allowed the State to put his character in evidence. After he testified under direct examination that he owed money to Maddox for drugs, he was asked by the prosecutor if he was just a drug user, not a drug seller. No objection was made to the question and defendant explained at some length that he started using methamphetamines to stay awake while he was a truck driver. The State further questioned defendant about a gun which he testified Maddox had sold him, to which he objected on grounds of relevancy and was overruled. When defendant denied owning a gun prior to January of 1986 the State brought up an incident where he was charged with stealing a gun in September of 1985. Upon objection, the court permitted the State to question defendant about having a gun in his possession at that time, but disallowed introduction of any conviction. Finally, the State asked defendant about a statement he had made to a police investigator while he was in jail concerning information he had about some forgeries and drug dealings. Defendant responded loquaciously without objection, but argues on appeal that he merely answered the State's improper questions rather than putting his character in issue.

This position is tenuous at best. However, by failing to object

contemporaneously with the testimony and continuing to explain his actions, defendant waived any error. *Cape v. State*, 246 Ga. 520, 524 (5) (272 SE2d 487) (1980). See also *Merritt v. State*, 255 Ga. 459 (2) (339 SE2d 594) (1986); *Doby v. State*, 173 Ga. App. 348 (3) (326 SE2d 506) (1985). The evidence concerning possession of the gun was clearly relevant in rebuttal to defendant's testimony. "Thus the objection as made was properly overruled. [Cit.] Furthermore, '(e)vidence that is otherwise relevant or material to the issues in a criminal case does not become inadmissible simply because it concerns separate offenses, or because it incidentally puts a criminal defendant's character or reputation in evidence. (Cit.)' [Cit.] Thus the testimony would have been admissible even over the objection that it placed the defendant's character in issue." *Dixon v. State*, 177 Ga. App. 506, 507 (2) (339 SE2d 775) (1986).

4. Likewise, no reversible error occurred from the failure of the trial court to make a finding of voluntariness before allowing admission of defendant's custodial statement. Defendant made no objection to the testimony of the police investigator in regard to his reading the *Miranda* rights and defendant's signing of the waiver and admission that the blood on the carpet was the victim's. Nor did defendant request a *Jackson v. Denno*, (378 U. S. 368 (84 SC 1774, 12 LE2d 908)) hearing or assert that his statement was involuntarily given. In fact, he testified that he was not threatened, coerced or intimidated, but "was more than willing to make a statement." He also stated that he was read the *Miranda* rights and understood them.

"In *Wainright v. Sykes*, 433 U. S. 72, 86 (97 SC 2497, 53 LE2d 594), reh. den., 434 U. S. 880 (1977), the Supreme Court held that due process does not require a voluntariness hearing absent some contemporaneous challenge to the use of the confession. Therefore, appellant had a right to a voluntariness hearing only upon challenging the alleged confession's introduction into evidence. [Cits.] It follows that this enumeration of error presents no ground for reversal." *Pruitt v. State*, 176 Ga. App. 317, 320 (3) (335 SE2d 724) (1985). Accord *Brogdon v. State*, 255 Ga. 64, 66 (2) (335 SE2d 383) (1985).

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED APRIL 14, 1987,

*Carl P. Greenberg*, for appellant.

*Robert E. Wilson, District Attorney, Barbara Conroy, R. Stephen Roberts, Assistant District Attorneys*, for appellee.