A89A0670. ROBINSON v. THE STATE.
(383 SE2d 593)

BIRDSONG, Judge.

Appellant Bobby Lewis Robinson appeals his conviction for sale of cocaine and sentence.

Lieutenant Harris of the Troup County Sheriff's Department made a positive in-court identification of appellant as the person who

sold him drugs in a local motel. Laboratory analysis confirmed that the drugs tested positive as cocaine. The appellant testified in his own behalf and denied selling drugs to Harris. He testified that he was attending a birthday party for his son, and called alibi witnesses who corroborated his testimony. *Held*:

Appellant's sole enumeration of error is that the trial court erred in failing to suppress his pretrial statement to the police.

Appellant objected during an out-of-court hearing to the admission of this statement on the grounds that it was not relevant, that it improperly placed appellant's character in issue; and, that admission of the statement "would unnecessarily prejudice the minds of the jury . . . even with . . . curative instructions." Appellant also asserted that he was not provided with the ten-day notice required by Uniform Superior Court Rule 31.1.

During the out-of-court hearing, it was established that Deputy Riggs, after advising appellant of his *Miranda* rights and obtaining a valid waiver thereof, questioned appellant and obtained an oral statement from him. The trial court ruled that the statement was admissible, and that the other acts of misconduct referred to in the statement did not constitute "a similar transaction."

During the State's case in chief, Detective Riggs testified concerning this statement as follows: "[Appellant] told me that he had sold cocaine before but not in 1988 and he told me he had used cocaine and said that he did not sell cocaine . . . concerning this arrest. This arrest was a mistake." Appellant renewed his objection to the admission of this statement on the grounds it was hearsay and because it "improperly places the defendant's character in issue. . . ." The trial court overruled these objections.

It is the general rule that " ' "[i]f evidence is relevant and material to an issue in (a) case, it is not inadmissible because it incidentally puts the defendant's character in issue." ' " *Richie v. State*, 258 Ga. 361 (3) (369 SE2d 740); accord *Stitt v. State*, 256 Ga. 155 (1) (345 SE2d 578); *Dampier v. State*, 245 Ga. 427 (10) (265 SE2d 565); *Hudson v. State*, 237 Ga. 443, 444 (228 SE2d 834); see also *Perez v. State*, 182 Ga. App. 628 (3) (356 SE2d 706). It is an equally well-recognized general rule that " '[w]hat is forbidden is the *introduction by the state* in the first instance of evidence whose sole relevance to the crime charged is that it tends to show that the defendant has bad character.' " *Johnson v. State*, 258 Ga. 506 (3) (371 SE2d 396); *Frazier v. State*, 257 Ga. 690, 698 (362 SE2d 351).

In this case, the statement contained a reference to prior independent crimes committed by the appellant, specifically, the crimes of cocaine use and prior cocaine sale. These statements did not constitute an integral part of a criminal confession nor was each statement an inseparable part of the total oral statement made to Detective

Riggs. Compare generally *Stitt*, supra at 157 with *Florence v. State*, 162 Ga. App. 830 (1) (292 SE2d 923). In fact, when the two statements regarding prior offenses are deleted from the statement in question, all that remains is appellant's strong denial that he committed the charged offense. Thus, the facts of this case are clearly distinguishable from *Richie, Stitt, Dampier, Hudson* and *Perez*.

The confession contained in the appellant's statement, regarding prior use of cocaine, had nothing whatsoever to do with the conduct for which he was on trial (sale of cocaine in 1988). "Indeed, the statement cannot be construed as anything other than a denial of the offenses for which he was on trial. Thus, the only possible evidentiary function which the [confession concerning prior cocaine use] could have served as far as the state was concerned was an impermissible one, i.e., to impugn the appellant's character before the jury by showing that he was generally prone to criminal conduct." *Florence*, supra at 832 (1).

Regarding the confession contained in the appellant's statement, regarding sale of cocaine on an unknown date prior to 1988, a somewhat different situation arises. In certain circumstances, evidence of independent crimes is admissible " ' "*for the purpose of* showing identity, motive, plan, scheme, bent of mind and course of conduct," ' " (emphasis supplied) *Williams v. State*, 257 Ga. 761, 764, n. 3 (a) (363 SE2d 535), or for "some other rational connection with the offense for which [appellant] is being tried." *Jones v. State*, 257 Ga. 753, 757-758, n. 6 (363 SE2d 529); *Hamilton v. State*, 239 Ga. 72, 75 (235 SE2d 515). "[B]efore evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity *or connection* between the independent crime and the offense charged that proof of the former tends to prove the latter." (Emphasis supplied.) *Hamilton*, supra at 75. Moreover, " '(i)t has long been the rule in Georgia that evidence of an independent crime is never admissible unless the prejudice it creates is outweighed by its relevancy to the issues on trial.' " *Rainwater v. State*, 256 Ga. 271, 272, n. 2 (347 SE2d 586), citing *Robinson v. State*, 246 Ga. 469, 470 (271 SE2d 786).

In the case sub judice, the trial court in essence ruled that the prior crimes confessed to in appellant's pretrial statement were not similar in nature to the offense with which he was charged. We are not convinced that a prior sale of a drug identical to the type with which an accused is currently charged with selling is not per se of sufficient similarity or of sufficient logical connection to comply with the second condition above discussed. However, rendering this point moot is the fact that the confession to prior drug crimes was admitted in evidence without any limiting instructions being given regarding

the purpose for which the jury could consider such evidence. (Compare with *Johnson,* supra at 508 (3), where no error was found in part because an appropriate limiting instruction was given.) Moreover, in the charge to the jury the trial court pertinently instructed that "you will give consideration to this case, taking into consideration *all* of the evidence . . . and if in doing so you believe, beyond a reasonable doubt, that the defendant is guilty of the offense charged . . . you would be authorized to convict. . . ." (Emphasis supplied.) The introduction in evidence of a prior, undated offense of using cocaine (having no reasonable relevance to sale of cocaine in 1988), the introduction of evidence of a prior, undated sale of cocaine without benefit of a limiting instruction, coupled with a charge to the jury that it will take "into consideration all of the evidence," created a fair risk that the evidence of these prior drug offenses impugned the appellant's character by showing that he was generally prone to criminal conduct. Accordingly, we find "that this testimony . . . was so prejudicial that its admission demands reversal." *Merritt v. State,* 255 Ga. 459 (2) (339 SE2d 594). Moreover, under these circumstances, any possible relevance which the evidence of an undated, prior cocaine sale might have regarding the sale of cocaine in 1988 is outweighed by the prejudice caused by admitting the evidence of both prior drug offenses, particularly in view of the issue discussed above regarding charges to the jury. Compare with *Robinson,* supra at 470. Finally, we note that the appellant vigorously contested his guilt with an aggressive alibi defense, under such circumstances, and in light of the posture of the State's evidence, we cannot say that this error was harmless.

*Judgment reversed. Deen, P. J., and Benham, J., concur.*

DECIDED JUNE 6, 1989 —
REHEARING DENIED JUNE 21, 1989 — 

*Rosenzweig, Kam, Jones & McNabb, Douglas L. Dreyer,* for appellant.

*William G. Hamrick, Jr.,* District Attorney, *Agnes McCabe, Monique F. Kirby,* Assistant District Attorneys, for appellee.