A90A2120. GREER v. THE STATE.
(403 SE2d 825)

COOPER, Judge.

Appellant was convicted by a jury of aggravated assault and appeals from the denial of his motion for new trial.

Viewed in a light favorable to the jury verdict, the evidence reflects that the victim and a friend had been driving around together all day, and as they stopped to speak to two women, appellant approached their car on his bicycle. Apparently, there was an ongoing dispute between appellant and the victim and the two had argued earlier that day. Appellant and the victim began to argue again and

during the course of the argument, appellant took out a knife and stabbed the victim.

1. Appellant first contends that the trial court erred in admitting into evidence the statement he made while in custody. In appellant's custodial statement, he told the officer that he did not go out to start any trouble with anyone because he was on probation and had just gotten out of prison. Appellant argues that the statement's reference to a prior record improperly placed his character in issue. We disagree. The references of appellant to probation and prison were made as part of his explanation for the reasons he did not commit the offense as alleged. Because those references went to motive, intent and course of conduct, they were material and admissible. *Dampier v. State*, 245 Ga. 427, 433 (10) (265 SE2d 565) (1980). "Material evidence is not rendered inadmissible merely because it incidentally places a defendant's character in issue. [Cit.]" *Dampier v. State*, supra; see also *Bethea v. State*, 172 Ga. App. 598 (324 SE2d 202) (1984). *Robinson v. State*, 192 Ga. App. 32 (383 SE2d 593) (1989), relied on by appellant, is distinguishable. In *Robinson*, the defendant gave a statement to police which referred to a prior sale of cocaine. The trial court held that the statement was admissible and did not constitute a similar transaction. We reversed the trial court, concluding that " 'the only possible evidentiary function which the [statement could have served] as far as the state was concerned was an impermissible one, i.e., to impugn the appellant's character before the jury by showing that he was generally prone to criminal conduct.' [Cit.]" *Robinson*, supra at 34. In the case sub judice, appellant's statement and his references to "prison" and "probation" serve the permissible purpose of showing motive, intent and course of conduct. *Dampier*, supra. Appellant's contention that the court should have given a limiting instruction is also without merit inasmuch as the record does not reflect that appellant requested such an instruction. "A criminal defendant is relieved of the duty to request instructions only 'in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence.' [Cit.]" *Kelly v. State*, 189 Ga. App. 67 (2) (375 SE2d 81). Accordingly, we find no error with the admission of appellant's statement or the failure of the court to give a limiting instruction.

2. In his final enumeration of error, appellant contends that the evidence was insufficient to support the conviction. Appellant's defense was that he acted in self-defense in stabbing the victim, because he thought the victim was reaching for a gun. The evidence did not reveal the presence of a weapon in the victim's possession. Furthermore, there was evidence from at least one witness that the victim was just standing by the car door when appellant stabbed him. There

was ample evidence from which the jury could have determined that appellant was guilty of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 13, 1991 —
REHEARING DENIED MARCH 15, 1991 —

*Leon M. Braun, Jr.*, for appellant.

*Dupont K. Cheney, District Attorney, Charles D. Howard, Assistant District Attorney*, for appellee.