## S93A0293. DENNIS v. THE STATE.
### (430 SE2d 742)

SEARS-COLLINS, Justice.

Lionel Bernard Dennis was convicted in Dougherty County Superior Court of felony murder, two counts of armed robbery, possession of a firearm by a convicted felon, possession of firearm during the

commission of a felony, and possession of cocaine.[1] He was sentenced to twenty years for each armed robbery, five years for possession of a firearm by a convicted felon, life for felony murder, five years for possession of a firearm during the commission of a felony, all to run consecutively, and fifteen years for possession of cocaine. We affirm in part and reverse in part.

The evidence revealed the following facts. On March 23, 1991 the Pac-A-Sac convenience store in Albany, Georgia was robbed by a man with a gun. Later the same day, the owner of the Bottle Shop liquor store in Albany was shot to death by a man who also stole the cash register. The cashier at the Pac-A-Sac, Jackie Blackmon, recognized Dennis and identified him as the robber of that store after reviewing a ten-year-old high-school yearbook. A customer at the Bottle Shop, Tim Powers, who was in his truck in the parking lot when the robbery and murder at that store occurred, saw a man shoot the clerk and flee with the cash register. Powers identified Dennis as the perpetrator at trial. Dennis was arrested on March 28, 1991, based on Blackmon's identification, fingerprints found at the scene of the murder, and information from confidential informants. When asked where he was the night of the murder, Dennis gave several different stories. After Dennis's arrest, a urinalysis was administered at the Dougherty County Police station which resulted positive for cocaine.

1. When considered in the light most favorable to the verdict, we find that the evidence was sufficient to permit a rational trier of fact to find beyond a reasonable doubt that Dennis is guilty of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Dennis argues that the second armed robbery conviction should be vacated because he cannot be convicted of both felony murder and the underlying felony. *Stitt v. State*, 256 Ga. 155, 157 (345 SE2d 578) (1986). We find that the conviction which must be vacated is the one for possession of a firearm by a convicted felon, as that crime was specified as underlying the felony murder charge in the indictment and in the court's instructions to the jury. While the verdict form does not specify which conviction the jury intended as the underlying felony, "in the absence of clear evidence to the contrary, qualified jurors, under oath, are presumed to follow the instructions . . . of the trial court." *Harris v. State*, 202 Ga. App. 618, 620 (414 SE2d 919) (1992); see also *Tatum v. State*, 249 Ga. 422 (291 SE2d

---

[1] The crimes were committed on March 23, 1991. Dennis was indicted on February 26, 1992, tried May 13-20, 1992, and sentenced May 21, 1992. The transcript was certified by the court reporter on September 16, 1992, and Dennis' motion for new trial was denied on October 14, 1992. Dennis filed his notice of appeal November 12, 1992, and the appeal was docketed in this Court on November 25, 1992. Oral arguments were heard on February 8, 1993.

701) (1982). Therefore, the conviction and sentence for possession of a firearm during the commission of a felony must be vacated.[2]

3. Dennis argues that because the jury found him not guilty of the charge of possession of a firearm during the commission of a felony which followed the first armed robbery charge, and guilty of the armed robbery charge, the verdicts are inconsistent and, therefore, erroneous. "Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment." *Dunn v. United States*, 284 U. S. 390, 393 (52 SC 189, 76 LE 356) (1932). Accord *Milam v. State*, 255 Ga. 560, 562 (341 SE2d 216) (1986); *Smashum v. State*, 261 Ga. 248, 249 (403 SE2d 797) (1991). This enumeration of error has no merit.

4. Dennis contends that the State failed to prove venue on the possession of cocaine charge, see OCGA § 17-2-2 (a). The evidence is uncontroverted that Dennis was arrested in Dougherty County by the Dougherty County Police and that the positive test for cocaine was administered shortly after the arrest at the Dougherty County Police Department. We find the above evidence sufficient to show "beyond a reasonable doubt that [the crime] might have been committed" in Dougherty County, OCGA § 17-2-2 (h). See also *Green v. State*, 260 Ga. 625, 626 (398 SE2d 360), cert. den., ____ U. S. ____ (111 SC 2059, 114 LE2d 464) (1991).

5. Dennis claims that certain evidence was admitted at trial in violation of OCGA § 17-7-211 and *Brady v. Maryland*, 373 U. S. 83, 87 (83 SC 1194, 10 LE2d 215) (1963). Dennis has the burden of showing that evidence was withheld, and "that the evidence withheld from him so impaired his defense that he was denied a fair trial within the meaning of the *Brady* Rule." (Citations omitted.) *Wallin v. State*, 248 Ga. 29, 33 (279 SE2d 687) (1981). Also, "*Brady* itself does not require the pre-trial disclosure of exculpatory evidence and is not violated when the evidence is presented to the jury at trial. [Cits.]" *Davis v. State*, 261 Ga. 382, 385 (405 SE2d 648) (1991). We have carefully reviewed the record and transcript and find with respect to each of Dennis' contentions that the information was made known to the jury during trial, or that Dennis has failed to carry his burden of showing that the information was withheld and that he was denied a fair trial.

6. Dennis contends that the trial court erred in denying his motion to sever the first robbery from the second robbery and murder. "A court has wide discretion in severance motions." *Johnson v. State*,

---

[2] This is not contrary to this Court's recent holding in *Thompson v. State*, 263 Ga. 23 (426 SE2d 895) (1993), where the indictment did not contain a felony murder count, the trial court specified no particular underlying felony in its charge to the jury on felony murder as a lesser included offense, and the jury named two separate offenses to underlie its felony murder conviction.

257 Ga. 731, 733 (363 SE2d 540) (1988). "Where . . . the evidence of one crime would be admissible in the trial of the other crime, it cannot be said that the trial court abused its discretion in denying the motion for severance." *Catchings v. State*, 256 Ga. 241, 243 (347 SE2d 572) (1986). We find that there are sufficient similarities between these two crimes such that evidence of each would have been admissible at a trial on the other.

*Judgment affirmed with direction to the trial court to revise the sentence in accordance with Division 2 of this opinion. All the Justices concur.*

DECIDED JUNE 21, 1993 —
RECONSIDERATION DENIED JULY 15, 1993.

*Brown & Scoccimaro, Ralph O. Scoccimaro*, for appellant.
*Britt R. Priddy, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Mary Beth Westmoreland, Senior Assistant Attorneys General*, for appellee.