## S94A0223. WALKER v. THE STATE.
(440 SE2d 637)

HUNSTEIN, Justice.

Upon our reversal of his conviction in *Walker v. State*, 260 Ga. 737 (399 SE2d 199) (1991), William Kenneth Walker was retried and convicted of two counts of murder and two counts of theft by taking.[1] He was sentenced to two consecutive life sentences on the murder counts and to concurrent terms of twelve months on each of the theft by taking counts. Walker appeals.

1. We find the evidence adduced at trial was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that appellant was guilty of stabbing to death his uncle, Willie Evans, and his uncle's roommate, Archie Johnson, and taking money and other items belonging to the victims. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court failed to give effect to our holding in *Walker*, supra, by refusing to admit a polygraph test taken by Michael Burks and by excluding all reference to the results of that polygraph test during trial. As set forth more fully in *Walker*, supra, shortly after the crimes were discovered Burks made statements to the police claiming that he was the perpetrator. Burks, who later recanted his statements, was tried and acquitted of the crimes. Thirteen and one-half months after the crimes were committed, and after Burks' acquittal, appellant confessed to police that he had killed the victims in order to obtain money to support his crack cocaine habit.

In *Walker*, supra, we held that the trial court erroneously granted the State's motion in limine to exclude all mention of Burks from the trial, finding that evidence implicating others, particularly Burks, was relevant and that appellant should have been given the opportunity to attempt to raise a reasonable doubt in the minds of the jury that "someone other than [appellant] had motive, opportunity and was implicated in the crimes by evidence gathered during the police investigation of the crimes." Id. at 739. However, as to material subpoenaed by appellant, which included, inter alia, the results of Burks' polygraph test, we held that "[a]lthough the evidence appellant sought to subpoena *may be inadmissible for other reasons*" (emphasis supplied), the subpoenaed material was not inadmissible for

---

[1] The murders occurred on or about March 2, 1988. Walker was indicted on May 5, 1989 in Fulton County. This court reversed the judgment of guilty entered August 28, 1989, and upon retrial Walker was found guilty on January 21, 1991, and was sentenced on January 28, 1991. His motion for new trial was filed on February 13, 1991, and denied on July 24, 1992. A notice of appeal was filed on August 5, 1992, and docketed in this court, but was removed from the docket by order of this Court while the transcript was completed. The appeal was redocketed on November 16, 1993. This appeal was submitted for decision without oral argument on January 25, 1994.

the reasons presented by the State in its motion in limine. Id. at 739 (2).

We agree with the State that evidence of Burks' polygraph test results was inadmissible for the reason that there was no stipulation between the State and appellant to admit this evidence. We have held that where the defendant and the State did not stipulate that the results of a polygraph test taken by a witness would be admissible at trial, questioning the witness regarding those test results is impermissible because "a stipulation is a prerequisite for the admissibility of such evidence. [Cit.]" *Williams v. State*, 251 Ga. 749, 803 (312 SE2d 40) (1983). We find no merit in appellant's argument that Burks' test results were admissible at his trial because there was a stipulation between the State and Burks to use the test results at *Burks'* trial.

Accordingly, because Burks' polygraph test results were inadmissible due to the absence of an express stipulation between the State and appellant to their admissibility, see *State v. Chambers*, 240 Ga. 76-77 (239 SE2d 324) (1977), the trial court did not err in excluding Burks' test results and all evidence relating to those results.

3. Appellant contends the trial court erred in admitting his taped statement to the police because that statement impermissibly placed his character into evidence. In the statement appellant explained that he left the state after stealing money from his employer in order to buy crack cocaine. He persuaded Evans to wire him money but, upon depleting that money on drugs, he returned to Georgia. Appellant stated that within days of his return he again needed money for crack cocaine and, knowing Evans would not lend him any more money, he decided to kill Evans and steal his money. Appellant stated that after stealing money and a car from other relatives, he decided to confess to the murders out of fear that he would kill other family members in order to obtain money for drugs.

We find no error in the admission of appellant's statement. The portions of his statement challenged by appellant "were an integral part of a criminal confession, and such statements are not rendered inadmissible because the language used therein indicates that the accused has committed another and separate offense. [Cits.]" *Dampier v. State*, 245 Ga. 427, 434 (10) (265 SE2d 565) (1980). Accord *Stitt v. State*, 256 Ga. 155, 156-157 (1) (345 SE2d 578) (1986); *Ingram v. State*, 253 Ga. 622, 638 (18) (a) (323 SE2d 801) (1984).

4. The trial court reviewed the statement given police by witness Eric Eberhardt, a former roommate of the victims, found it to contain no exculpatory material, and denied appellant's request to review it. Appellant enumerates that ruling as error and also contends the denial of his request restricted his right of cross-examination of Eberhardt.

We find no error in the trial court's ruling. The test of the mate-

riality of evidence not disclosed to an accused pursuant to a *Brady v. Maryland* motion (*Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963)) is set forth in *Rogers v. State*, 257 Ga. 590, 592 (3) (361 SE2d 814) (1987):

> "The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." [Cit.]

Applying this test, appellant has failed to demonstrate the materiality of Eberhardt's statement, which consisted of the witness' speculations to the police that some unnamed person (presumably other than appellant) was the perpetrator of the crimes. The transcript fails to support appellant's contention that he was denied his right to thoroughly cross-examine Eberhardt about the details of any knowledge the witness possessed regarding another person being responsible for the crimes.

5. We find no abuse of the trial court's discretion in denying appellant's motion for mistrial regarding the State's introduction of evidence of flight where the sole evidence in that regard consisted of the investigating officer's testimony that appellant was in Florida during Burks' trial. See *Brown v. State*, 118 Ga. App. 617, 620 (165 SE2d 185) (1968) ("[i]t is not erroneous to refuse to grant a mistrial . . . [where] it is certain that no injury could have resulted therefrom to the accused"). See generally *Wright v. State*, 253 Ga. 1, 4 (316 SE2d 445) (1984).

6. The trial court did not abuse its discretion by permitting the jury to rehear appellant's taped statement or by failing to give cautionary instructions regarding the tape, in the absence of a request by appellant. *Stephens v. State*, 261 Ga. 467, 468 (4) (405 SE2d 483) (1991).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 28, 1994 —
RECONSIDERATION DENIED MARCH 25, 1994.

*Giddens, Davidson, Mitchell & Eaton, Earl A. Davidson,* for appellant.

*Lewis R. Slaton, District Attorney, Rebecca A. Keel, William C. Akins, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Peggy*

*R. Katz, Staff Attorney,* for appellee.