A07A2420. WEST v. THE STATE.
(654 SE2d 463)

RUFFIN, Judge.

A Cherokee County jury found Brandon Lester West guilty of possessing marijuana, cocaine, and methamphetamine. West appeals, challenging the sufficiency of the evidence. For reasons that follow, we affirm.

In reviewing West's challenge, we construe the evidence in a light favorable to the jury's verdict.[1] We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether the evidence was sufficient to find West guilty beyond a reasonable doubt.[2]

So viewed, the evidence shows that on January 15, 2004, officers executed a search warrant at the Cherokee County apartment where West lived with several other people. West, who was present during the search, had no drugs on his person, and police found no contraband in his bedroom. But he admitted to officers that he had smoked marijuana before going to work that day and had snorted cocaine "a night or two ago." Despite first denying methamphetamine use, West eventually told officers that he had previously used that drug, as well.

At the officers' request, West provided a urine sample, which tested positive for marijuana metabolites, cocaine metabolites, traces of cocaine, and methamphetamine. As described by the State's forensic toxicologist, a metabolite is a "breakdown product" that results once a drug enters the body. The toxicologist testified that marijuana metabolites generally stay in the body for 36 to 60 hours after marijuana use, and the level present in West's urine indicated use "within the last three to six hours." Cocaine immediately begins breaking down when it enters the bloodstream, and cocaine metabolites remain in the body for two to four days. Methamphetamine can be detected in urine from one to four days after ingestion.

---

[1] See *Johnson v. State*, 284 Ga. App. 724, 725 (644 SE2d 544) (2007).
[2] See id.

1. West first argues that the State failed to prove venue in Cherokee County beyond a reasonable doubt.[3] We disagree.

The State's evidence of possession focused primarily on the drugs found in the urinalysis. According to West, the State offered no evidence that he possessed these substances in Cherokee County before ingesting them. Under OCGA § 17-2-2 (h), however, "if in any case it cannot be determined in what county a crime was committed, it shall be considered to have been committed in any county in which the evidence shows beyond a reasonable doubt that it might have been committed." This statute applies "when a drug possession charge results from the detection of metabolites that can remain in a defendant's urine two to four days after the drug was ingested."[4] In such case, "[v]enue is appropriate in the county where the defendant was present immediately before being asked to provide the urine sample."[5]

West was at his Cherokee County apartment when police requested — and he provided — a urine sample. A subsequent urinalysis revealed marijuana metabolites that stay in the body for 36 to 60 hours, cocaine that begins breaking down almost immediately after ingestion, cocaine metabolites that remain in the body for two to four days, and methamphetamine that can be detected in bodily fluids for one to four days after use. This evidence authorized the jury to find beyond a reasonable doubt that venue was proper in Cherokee County.[6]

2. West also claims that the State failed to prove that he knowingly possessed methamphetamine. The presence of methamphetamine in West's urine, however, constituted circumstantial evidence that he knowingly possessed the drug.[7] Moreover, shortly after West consented to a urine test, he admitted to police that he had previously used methamphetamine. Given the results of the urinalysis, as well as West's admission to police, the jury was authorized to find that he knowingly possessed methamphetamine.[8]

---

[3] See *Jones v. State*, 272 Ga. 900, 901 (2) (537 SE2d 80) (2000) ("Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt.") (punctuation omitted).

[4] *Pruitt v. State*, 264 Ga. App. 44, 45 (1) (589 SE2d 864) (2003). West argues that we should not rely on *Pruitt* because it relies, in part, on *Green v. State*, 260 Ga. 625, 626 (1) (398 SE2d 360) (1990), where the Supreme Court required only slight proof of venue. While the slight evidence rule has been overturned, see *Jones*, supra, *Pruitt* was decided under the current rule and its reasoning is sound.

[5] Id.

[6] See id.

[7] See *Green*, supra; see also *Aldridge v. State*, 237 Ga. App. 209, 212 (1) (515 SE2d 397) (1999) (where jury finds presence of drugs in defendant's body, it may "infer that [the defendant] previously possessed the drugs ingested").

[8] See *Green*, supra; *Aldridge*, supra.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED NOVEMBER 26, 2007.

*Brian Steel*, for appellant.
*Garry T. Moss, District Attorney, Robert G. Morton III, Assistant District Attorney*, for appellee.