## A09A1037. HARBIN v. THE STATE.
### (678 SE2d 553)

JOHNSON, Presiding Judge.

A jury found Johnny Harbin guilty of possession of methamphetamine. Harbin appeals, alleging the evidence was insufficient to support the jury's verdict and the state failed to prove venue beyond

---

a reasonable doubt. We find no error and affirm Harbin's conviction.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[1] As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.[2]

Viewed in that light, the evidence showed that Harbin was convicted of a prior drug offense and sentenced to probation on March 16, 2006. Harbin was required to submit to random drug tests as part of his probation. On April 11, 2006, Harbin arrived at the probation office, located in Cherokee County, for a scheduled appointment, and his supervising probation officer smelled alcohol on his breath. She asked one of the male probation officers to perform alcohol sensor and drug tests. That probation officer accompanied Harbin to the bathroom at the probation office, and Harbin provided a urine sample that tested positive for methamphetamine and marijuana.

When questioned regarding the positive test, Harbin admitted that he "used on Saturday," but he kept asking if the positive results might be due to his prescription medication, hydrocodone. Because Harbin questioned the test results, his supervising probation officer Vickie Russell sealed and labeled the urine sample, and a police officer picked up the sample and took it to the state crime lab for verification. The test results at the state crime lab came back positive for methamphetamine and hydrocodone.

The state also presented evidence regarding Harbin's prior drug offense, which occurred on February 16, 2006. In that case, an officer saw Harbin throw a glass pipe into the woods. The officer arrested Harbin and transported him to jail. A clear plastic bag containing a white powder residue was recovered from the back of the police car after Harbin exited the car. Residue in the pipe and the bag tested positive for methamphetamine.

At trial, Harbin testified that, despite his guilty plea in the February 16, 2006 case, he has never used methamphetamine. In addition, Harbin introduced expert testimony regarding a hair sample drug test conducted on June 12, 2006 that was negative for amphetamines. Harbin argues that this test proves that the April 11, 2006 test produced a false positive result and establishes that Harbin was negative for methamphetamine "back to the date of the 20th of

---

[1] *West v. State*, 288 Ga. App. 566 (654 SE2d 463) (2007).
[2] *Parnell v. State*, 260 Ga. App. 213, 218 (6) (581 SE2d 263) (2003).

February." However, the expert also testified that a properly performed urine test by the state crime lab generally produces a more reliable result than a hair test. The expert further testified that if an individual used amphetamine, it would be detectable in his urine for one to three days.

Harbin argues on appeal that the evidence was insufficient to support his conviction because the state failed to prove that the positive test result on April 11, 2006 was not from the same source of methamphetamine used to support his February 16, 2006 conviction. However, this argument runs directly contrary to Harbin's defense at trial that the April 11, 2006 urine test had produced a false positive and that the hair test established he was negative for methamphetamine back to February 20, 2006.

Harbin also contends the state failed to present any evidence showing how long methamphetamine remains in the body to be detected by the testing procedures employed by the state crime lab. However, Harbin's expert testified that amphetamine is detectable in an individual's urine for one to three days. Although this expert did not use the term "methamphetamine," it is clear from a reading of the transcript that the expert intended to refer to the type of amphetamine Harbin was accused of ingesting, namely, methamphetamine.

The presence of methamphetamine in Harbin's urine constituted circumstantial evidence that Harbin knowingly possessed methamphetamine within the three days prior to April 11, 2006.[3] And this circumstantial evidence was sufficient to authorize a jury to find Harbin guilty beyond a reasonable doubt of possession of methamphetamine.[4]

2. Harbin contends the state failed to prove venue beyond a reasonable doubt in Cherokee County for his possession of methamphetamine by ingestion conviction. We disagree.

OCGA § 17-2-2 (h) provides: "If in any case it cannot be determined in what county a crime was committed, it shall be considered to have been committed in any county in which the evidence shows beyond a reasonable doubt that it might have been committed." This statute applies when a drug possession charge results from the detection of drugs that can remain in a defendant's urine for days after the drug was ingested.[5] "Venue is appropriate in

---

[3] *West*, supra at 567 (2); *Aldridge v. State*, 237 Ga. App. 209, 212 (1) (515 SE2d 397) (1999) (where jury finds presence of drugs in defendant's body, it may infer that the defendant previously possessed the drugs ingested).

[4] See *Green v. State*, 260 Ga. 625, 625-626 (1) (398 SE2d 360) (1990), overruled in part, *Jones v. State*, 272 Ga. 900, 902-903 (2) (537 SE2d 80) (2000).

[5] See *West*, supra at 567 (1); *Pruitt v. State*, 264 Ga. App. 44, 45 (1) (589 SE2d 864) (2003).

the county where the defendant was present immediately before being asked to provide the urine sample."[6]

Here, the evidence is uncontroverted that Harbin was administered a drug test at the Cherokee County probation office and that the sample tested positive for methamphetamine. We find this evidence sufficient to show beyond a reasonable doubt that the crime of methamphetamine possession "might have been committed" in Cherokee County.[7] Harbin's argument that the state failed to prove he was in Cherokee County immediately before the urine test lacks merit. Harbin was obviously in Cherokee County, at the probation office, immediately before being asked to provide the urine sample, and, contrary to Harbin's assertion, the state does not have to prove where Harbin actually ingested the methamphetamine. Sufficient evidence supports venue in Cherokee County for the possession of methamphetamine by ingestion conviction.

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED MAY 14, 2009.

*H. Maddox Kilgore*, for appellant.
*Garry T. Moss, District Attorney, Sara A. Thompson, Assistant District Attorney*, for appellee.

---

[6] (Footnote omitted.) *Pruitt*, supra; see also *Dennis v. State*, 263 Ga. 257, 259 (4) (430 SE2d 742) (1993).

[7] (Punctuation omitted.) *Dennis*, supra.