A09A0809. HAMPTON v. THE STATE.
(684 SE2d 118)

SMITH, Presiding Judge.

Dante Hampton appeals from his convictions for trafficking in cocaine, possession of cocaine with intent to distribute, and possession of cocaine. Because the trial court erred in admitting extraneous evidence of another crime unrelated to the offense for which Hampton was on trial, we reverse.

1. As the trial began, Hampton made an oral motion in limine seeking to exclude a portion of his statement during the traffic stop which led to his arrest. Specifically, he moved to exclude his response to the officer's question whether he was on probation or parole. Hampton responded that he was on probation for cocaine. After hearing argument, the trial court denied the motion. This was error.

> It is the general rule that if evidence is relevant and material to an issue in a case, it is not inadmissible because it incidentally puts the defendant's character in issue. It is an equally well-recognized general rule that what is forbidden is the introduction by the state in the first instance of evidence whose sole relevance to the crime charged is that it tends to show that the defendant has bad character.

(Citations, punctuation and emphasis omitted.) *Robinson v. State*, 192 Ga. App. 32, 33 (383 SE2d 593) (1989). In *Robinson*, appellant's statement to police included a reference to his prior use and sale of

cocaine. Id. We held that these statements "did not constitute an integral part of a criminal confession nor was each statement an inseparable part of the total oral statement." Id. We noted that Robinson's confession that he had used cocaine in the past

> had nothing whatsoever to do with the conduct for which he was on trial. . . . Indeed, the statement cannot be construed as anything other than a denial of the offenses for which he was on trial. Thus, the only possible evidentiary function which the confession concerning prior cocaine use could have served as far as the state was concerned was an impermissible one, i.e., to impugn the appellant's character before the jury by showing that he was generally prone to criminal conduct.

(Citation and punctuation omitted.) Id. at 34. We then considered whether the error was harmful, noting that "when the two statements regarding prior offenses are deleted from the statement in question, all that remains is appellant's strong denial that he committed the charged offense." Id. We concluded that because "the appellant vigorously contested his guilt with an aggressive alibi defense, under such circumstances, and in light of the posture of the State's evidence, we cannot say that this error was harmless." Id. at 35.

Hampton's statement presents the same circumstances. His probation for an unspecified prior offense involving cocaine had no bearing on his guilt or innocence of the offense charged, particularly in the absence of any motion by the State to introduce it as a similar transaction. *Robinson*, supra at 34. Moreover, Hampton vigorously denied guilt or any knowledge of the drugs or money found in the car, and made no other statement to the police. Compare *Snyder v. State*, 238 Ga. App. 564, 567 (519 SE2d 509) (1999) (trial court erred in admitting defendant's statement to police that he was a career burglar who had committed numerous prior burglaries, but error was harmless because of defendant's confession and other evidence supporting his conviction).

In response to this enumeration of error, the State does not contend that Hampton's statement was proper, nor does it contend that the error was harmless. Instead, it argues only that Hampton waived his objection by failing to renew it at the time the evidence was introduced. This contention is without merit. Once Hampton's motion in limine was made and denied, his objection was preserved for appeal. "Normally, when a defendant moves in limine for the exclusion of evidence and the trial court, on the record, rules the evidence admissible, the record is preserved and the defendant is not

required to object to the evidence during trial. [Cits.]" *Watson v. State*, 278 Ga. 763, 767 (2) (b) (604 SE2d 804) (2004).

The trial court erred in failing to grant Hampton's motion in limine with respect to a prior, unspecified conviction involving cocaine, and we therefore must reverse.

2. Hampton's remaining enumeration of error is rendered moot by our decision in Division 1.

*Judgment reversed. Phipps and Bernes, JJ., concur.*

DECIDED SEPTEMBER 9, 2009.

*Sexton & Morris, Ricky W. Morris, Jr., Joseph S. Key*, for appellant.

*Scott L. Ballard, District Attorney, Robert W. Smith, Jr., Assistant District Attorney*, for appellee.