## 70367. SPRADLIN v. THE STATE.
### (331 SE2d 50)

BANKE, Chief Judge.
The appellant appeals his convictions of operating a motor vehicle after revocation of his driver's license as an habitual violator and leaving the scene of an accident. *Held*:

1. The trial court did not err in denying the appellant's motion for severance of the two counts of the indictment. "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except . . . the court in the interest of justice may order that one or more of such charges be tried separately." OCGA § 16-1-7 (b) and (c). See generally *Dingler v. State*, 233 Ga. 462, 463 (211 SE2d 752) (1975). In the present case, the evidence of the appellant's conduct in leaving the scene of the accident was obviously relevant and pertinent to the charge that he was operating a motor vehicle. Thus, joinder of the two offenses was clearly proper. Accord *Fowler v. State*, 155 Ga. App. 76 (270 SE2d 297) (1980).

2. There is no merit to the appellant's contention that the state

was required to accept his stipulation that he was an habitual offender, thereby obviating the need for proof of his prior motor vehicle record, which included a previous hit-and-run conviction. See *Greene v. State*, 155 Ga. App. 222 (1) (270 SE2d 386) (1980).

3. The appellant contends that his in-court identification by the hit-and-run victim was tainted by an impermissibly suggestive pretrial confrontation which took place some seven weeks before the trial. The evidence relied upon in support of this enumeration of error is the testimony of appellant's counsel to the effect that he personally observed the state's attorney point the appellant out to the victim outside the courtroom prior to a scheduled hearing. However, both the victim and the state's attorney testified that what happened was that the victim, upon observing the appellant in the hall near the courtroom, immediately and without any prompting told the state's attorney that the appellant was the perpetrator. The victim further testified that she had talked to the appellant for at least three minutes the afternoon of the accident, before he fled. Thus the evidence authorized the court to conclude both that no impermissibly suggestive confrontation had occurred and that the in-court identification had an independent origin. Consequently, it was not error to allow the in-court identification testimony. Accord *Foster v. State*, 160 Ga. App. 326 (287 SE2d 323) (1981).

4. After the confrontation between the appellant and the witness discussed above, the witness was shown a photograph of the appellant by the assistant district attorney. The victim testified that she told the assistant district attorney that she did not need a picture and that she could identify the man anywhere. The state concedes the event took place and that it was suggestive. However, under the circumstances the impropriety did not taint the subsequent in-court identification and thus establishes no ground for reversal of the appellant's convictions.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED APRIL 29, 1985.

*Gary C. Harris*, for appellant.
*Robert E. Wilson, District Attorney, R. Stephen Roberts, Robert E. Statham III, Assistant District Attorneys*, for appellee.