## 71275. WATSON v. THE STATE.
(337 SE2d 54)

BANKE, Chief Judge.

The appellant was convicted of aggravated assault (OCGA § 16-5-21) and influencing a witness (OCGA § 16-10-93). The aggravated assault conviction was based on the testimony of his former girl friend, Mary Taylor, that he had shot her in the mouth with a pistol. The conviction for influencing a witness was based on Ms. Taylor's testimony that, several months after the assault occurred, she had gone to the district attorney's office to request that the appellant not be prosecuted for that offense, responding to the appellant's threat to kill her if she did not.

The appellant testified that the shooting occurred accidentally as Ms. Taylor was scuffling with him in an attempt to get his gun. He denied having threatened her in an attempt to get her to drop the aggravated assault charge. According to a police officer who had questioned the appellant on the night the shooting occurred, the appellant stated, after being advised of his *Miranda* rights, that he had not had a gun in his possession on the night of the shooting and that the victim had already been wounded by the time he encountered her. *Held*:

1. The evidence was amply sufficient to enable a rational trier of fact to find the appellant guilty of both offenses beyond a reasonable doubt. See generally *Brown v. State*, 250 Ga. 66 (1) (295 SE2d 727) (1982).

2. The trial court did not err in denying the appellant's motion to

sever the two charges. Severance "lies within the sound discretion of the trial judge since the facts in each case are likely to be unique." *Dingler v. State*, 233 Ga. 462, 463 (211 SE2d 752) (1975). Joinder of the two offenses was eminently proper in this case, the evidence concerning the assault being inextricably bound to the evidence that the appellant had threatened the victim in an attempt to influence her to drop the assault charge. Compare *Spradlin v. State*, 174 Ga. App. 658 (331 SE2d 50) (1985).

3. In an attempt to explain his presence at the courthouse on the day the victim came there seeking to have the aggravated assault charge dropped, the appellant testified that he visited the courthouse almost every day and that the state's attorney knew this to be the case. On appeal, he contends that the trial court erred in subsequently allowing the state's attorney to take the witness stand to rebut these assertions.

This enumeration of error is without merit. "[P]ermitting a prosecuting attorney to testify as a rebuttal witness is within the discretion of the trial judge. [Cits.]" *Timberlake v. State*, 246 Ga. 488 (7), 501 (271 SE2d 792) (1980). Where, as in this case, the prosecuting attorney seeks merely to rebut defense testimony regarding something he himself is supposed to have heard or observed, it is not an abuse of discretion to allow the testimony. Id.

4. "In Georgia, as in most jurisdictions, the general right of one accused of a felony to be present during the course of his trial does not extend to post-verdict procedures such as a motion for new trial, at which only questions of law, not questions of fact are determined. [Cits.]" *Dobbs v. State*, 245 Ga. 208, 209 (2) (264 SE2d 18) (1980). But see Rule IV A (5) (c), Unified Appeal Procedure, 246 Ga. at A-14, governing criminal cases wherein the death penalty is sought. Cf. *Brown v. State*, supra, 250 Ga. at 75.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED OCTOBER 21, 1985 —
REHEARING DENIED OCTOBER 29, 1985 — 

*Robert E. Baynard*, for appellant.

*Hobart M. Hind, District Attorney, Britt R. Priddy, Nancy T. Smith, Assistant District Attorneys*, for appellee.