## 44871. JOHNSON v. THE STATE.
(363 SE2d 540)

WELTNER, Justice.

A jury found Michael Lee Johnson guilty of two counts of murder by shooting and killing Henry Bannister and Tom Schaff with a handgun, and guilty of three counts of armed robbery with serious bodily injury. He was sentenced to five life sentences, to be served consecutively.[1]

This case involves two armed robberies, one taking place at a

---

[1] The crimes took place on February 21, 1986, and March 4, 1986. Johnson was indicted on July 16, 1986, and was found guilty and sentenced on February 4, 1987. His motion for new trial was filed on February 24, 1987, and was denied on May 27, 1987. The trial transcript was filed on April 28, 1987. Johnson's notice of appeal was filed June 18, 1987, and his appeal was docketed in this court on July 23, 1987. The appeal was argued on September 21, 1987.

package store and the other at a self-service gasoline station. In the first robbery, the store owner was shot in the leg with a handgun while a second person was killed with a handgun; a third person in the store was able to hide and avoid being shot. Neither of the two survivors was able to identify any assailant.

In the second robbery, a wrecker operator had stopped at a service station to talk with the station manager. Seeing a man with a pistol in his hand come around one of the pump islands, the wrecker operator drove away, but as he did, he struck the gunman with one of the wrecker's side-view mirrors. The gunman fired a round from his handgun into the wrecker. He later was identified as Michael Johnson. Another gunman then joined Johnson, and the two of them went into the station office, where Johnson shot and killed the manager. Next, Johnson and his accomplice took all of the currency in the office, as well as the wallets and money of two visitors. Johnson then shot the two visitors, wounding one in the head and the other in the arm and chest. Both survived, and one of them later identified Johnson as the killer.

Shortly thereafter, a woman was driving her automobile near the service station. She was passed by another automobile, from which two shots were fired into her car. A projectile recovered from her car was determined to have been fired from a handgun found in Johnson's room following his arrest.

1. A rational trier of fact could have found beyond a reasonable doubt that Johnson was guilty of the five crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Johnson claims error in the trial court's refusal to sever the counts based on the first robbery (which took place on February 21, 1986) from those based on the second robbery (which took place on March 4, 1986). He cites *Dingler v. State*, 233 Ga. 462 (211 SE2d 752) (1975), holding: " 'Whenever two or more offenses have been joined for trial *solely* on the ground that they are of the same or similar character, the defendant shall have a right to a severance of the offenses.' " (Emphasis supplied.)

(a) It appears that the counts arising from the two robberies were not joined for trial *solely* because they were similar. Instead, proof of Johnson's guilt in one event tended to establish his guilt in the other. " ' "On a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly distinct, independent, and separate from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible, unless there be shown some logical connection between the two from which it can be said that proof of the one tends to establish the other." [Cit.]' " *Hamilton v. State*, 239 Ga.

72, 75 (235 SE2d 515) (1977).

(b) Johnson's claim of a right to a severance is unfounded. OCGA § 16-1-7 provides: "(b) If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except as provided in subsection (c) of this Code section. (c) When two or more crimes are charged as required by subsection (b) of this Code section, the court in the interest of justice *may* order that one or more of the charges be tried separately." (Emphasis supplied.)

(c) A court has wide discretion in severance motions. In *Radford v. State*, 251 Ga. 50, 51 (302 SE2d 555) (1983), the defendant was charged with two aggravated assaults and one murder, the crimes spanning three weeks. We held: "The crimes and acts were so intertwined that some of the same evidence would be required at separate trials on each charge. Severance 'lies within the sound discretion of the trial judge since the facts in each case are likely to be unique.' [Cit.] We find no abuse of discretion here. The trial court did not err in denying defendant's motions to dismiss the indictment and to sever." Similarly, in *Catchings v. State*, 256 Ga. 241, 243 (347 SE2d 572) (1986), we held "where . . . the evidence of one crime would be admissible in the trial of the other crime, it cannot be said that the trial court abused its discretion in denying the motion for severance."

The trial court's refusal to sever the counts was not an abuse of discretion.

3. Johnson contends that the trial court erred by allowing the jury to consider two segments of testimony.

First, he objects to the testimony of an employee of a grocery store entered by Johnson and another male approximately three hours before the robbery-murder at the service station. The employee testified that Johnson, a stranger to her, made disparaging remarks about her job, adding, "I can make more money in one night than you can in a week here."

Second, Johnson objects to the testimony of the woman whose automobile was fired upon following the service station killing.

He asserts that through the testimony of these witnesses the state placed his character in issue in violation of OCGA § 24-9-20, and that this testimony not only concerned discrete and uncharged crimes, but also improperly ascribed to him criminal conduct and propensities.

(a) " 'The rule is that the prosecution may not introduce evidence of other criminal acts of the accused unless the evidence is substantially relevant for some other purpose than to show a probability that he committed the crime on trial because he is a man of criminal character. There are numerous other purposes for which evidence of other

criminal acts may be offered, and when so offered, the rule of exclusion is simply inapplicable.' McCormick on Evidence (2nd ed. 1972), § 190, pp. 447-448." *Fugitt v. State*, 256 Ga. 292, 294 (348 SE2d 451) (1986).

(b) The verbal exchange at the grocery store did not constitute a crime, and even if it was irrelevant, it must be viewed as harmless in view of the weight of the evidence of guilt. The testimony of the automobile driver concerned Johnson's conduct shortly after the murder at the service station, and was admissible for identification purposes.

There was no harmful error.

4. Finally, Johnson claims error in permitting the state to show to the jury a videotape of a witness telling police officers that Johnson had admitted to her that he had participated in the two crimes. On the stand, this witness recanted most of her statement, specifically denying that Johnson had made any admissions. (She stated that she was under the influence of drugs at the time.) The witness was cross-examined by Johnson's attorney. Under the authority of *Gibbons v. State*, 248 Ga. 858, 862-864 (286 SE2d 717) (1982), the trial court permitted the videotape to be played, and the jury was instructed that its contents might be considered as substantive evidence.

While Johnson did not advance this objection at trial, he now contends that the playing of videotape was a denial of his confrontation rights under the Sixth Amendment to the Constitution of the United States. In support, he cites *Lee v. Illinois*, 476 U. S. ___ (106 SC 2056, 90 LE2d 514) (1986), which contains the following: "Our cases recognize that this truthfinding function of the Confrontation Clause is uniquely threatened when an accomplice's confession is sought to be introduced against a criminal defendant *without the benefit of cross-examination.*" (Emphasis supplied.)

In this case, the witness was in court and was cross-examined by Johnson's attorney. There was no denial of the right of confrontation.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 13, 1988.

*Cook, Noell, Tolley & Aldridge, Edward D. Tolley*, for appellant.
*Harry N. Gordon, District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General*, for appellee.