A96A1362. McCAULEY v. THE STATE.
(475 SE2d 669)

McMURRAY, Presiding Judge.

Defendant McCauley appeals his conviction of the offenses of reckless conduct and battery. The sole enumeration of error maintains that the jury should have been directed to return a verdict of acquittal because defendant was illegally arrested. *Held*:

Stated in the light most favorable to sustaining the verdict of the jury, the evidence at trial shows that at approximately 3:00 a.m., two Gilmer County Sheriff's deputies responded to a report of a domestic disturbance at defendant's residence. They found defendant's wife outside the home. She was crying and very upset. The wife told Brooks, the first officer to arrive at the scene, that her husband had been drinking, had struck her, and had threatened her. She indicated that she wanted to leave the premises if she could get the child who was in the house.

The deputies were able to observe defendant through a window and could see that he was walking about the living room holding the four-month-old infant. With the consent of and accompanied by the wife, the two deputies entered the residence where they observed that the room in which defendant sat was in disarray relative to the remainder of the house, and that defendant displayed the slurred speech, bloodshot eyes, and odors commonly associated with alcoholic beverages. The deputies determined that defendant was impaired to a degree which endangered the child and asked defendant to give them the child.

Defendant stood up and withdrew with the child, and the deputies advanced on him in an attempt to secure the safety of the child. Defendant cursed and ordered the deputies from his home while the deputies continued to attempt to reach the child. Defendant then struck Brooks. This was followed by an announcement by Trammell, the second deputy, that defendant was under arrest but he continued

to withdraw, and it was a moment more before Brooks was finally able to reach the child. As he released the child, defendant struck Trammell, causing an injury which required three stitches. Immediately thereafter defendant was subdued and handcuffed.

The reckless conduct charge of which defendant was convicted was predicated on defendant's endangerment of the infant by striking the deputies while holding the child. The battery conviction was based on the injuries received by Trammell when defendant struck him.

The arguments submitted by defendant raise four issues. Two of these questions are answered by reference to the wife's statement to Deputy Brooks that her husband had struck her. This provided probable cause to arrest defendant, and since the offense which the officers had probable cause to believe had been committed was an act of family violence, this also provided authority, pursuant to OCGA § 17-4-20 (a), to make a warrantless arrest. *Dennis v. State*, 220 Ga. App. 420 (2) (469 SE2d 494).

The fact that the warrantless arrest of defendant occurred in his home did not amount to a Fourth Amendment violation under the facts and circumstances of this case. Probable cause provides no justification for a warrantless intrusion of a person's home absent exigent circumstances. *Carranza v. State*, 266 Ga. 263, 266 (467 SE2d 315). But, in the case sub judice, the pending danger of injury to the four-month-old infant held by defendant provides the exigency which authorized the officers to make the warrantless arrest in defendant's home.

Finally, there is no merit in defendant's argument that the deputies failed to comply with the procedures set out in OCGA § 17-4-20.1. Some of defendant's arguments in relation to this statute are predicated on apparent misconstruction of its provisions while other arguments are unsupported by the evidence presented at trial.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED AUGUST 26, 1996.

*Weaver & Weaver, George W. Weaver, Jan A. Wheeler*, for appellant.

*Roger G. Queen, District Attorney*, for appellee.