## A96A2424. McCRACKEN v. THE STATE.

(480 SE2d 361)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and convicted of battery and obstruction of an officer. The evidence adduced at trial, stated in a light most favorable to sustaining the jury's verdicts, reveal that these offenses stem from a domestic dispute between defendant and his former girl friend, the victim. The quarrel began at an apartment defendant and the victim shared and got violent after the victim threw a bowl of chili on defendant. Defendant followed the victim through the apartment after this incident, ultimately striking her in the face with his "closed fist." After several blows, defendant stopped his assault and gave the victim "a wash cloth to wipe [her] face. . . ." Injured, the victim dressed herself and left the apartment with her young child. The victim went to a nearby "Texaco" station and telephoned for police assistance.

Officer John Edward Ivy of the Clayton County Police Department arrived at the "Texaco" station and found the victim holding a "rag" over her left eye. When the victim removed the "rag," the officer noticed that the victim's eye was "almost completely swollen." The victim told Officer Ivy about defendant's assault. The officer took the victim home, found the apartment in "total disarray" and discovered that defendant had fled the scene. Officer Ivy, however, did not give up his search for defendant. He patrolled the victim's neighborhood

"[h]oping that [defendant] would come back to the apartment. . . ." A few minutes into this surveillance, Officer Ivy heard a radio dispatch summoning another officer to the victim's apartment. Officer Ivy contacted the responding officer — Sergeant Joseph Woodall of the Clayton County Police Department — via his police radio "and advised him of the situation. . . ."

Sergeant Woodall arrived on the scene about an hour and a half after Officer Ivy met the victim at the "Texaco" station. When the victim greeted Sergeant Woodall at the apartment's entrance door, the sergeant "immediately . . . noticed [the victim's] eye — her side of her face was swollen up; her eye was swollen to the point where it was nearly shut, and it was obvious [to the officer that the victim] had been a victim of a battery. [Officer Woodall] asked [the victim] exactly what had happened, and she told [the officer] that [defendant] had . . . struck her." Sergeant Woodall then "noticed [defendant] in the living room area [so he] stepped in [the apartment and] told [defendant] that he was under arrest for battery under the family violence laws of the State of Georgia." Defendant resisted arrest and, during a violent struggle, Sergeant Woodall struck defendant in the face to subdue him. The sergeant then "handcuffed" defendant and led him outside the apartment. Defendant "jerked away" and fled from Sergeant Woodall as the sergeant was escorting defendant down a flight of stairs. Defendant was apprehended moments later when another officer arrived at the scene.

This appeal followed the entry of defendant's convictions and sentences. *Held*:

1. The trial court did not err in failing to sever the battery charge and the obstruction of an officer charge for separate trials. " 'If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except . . . the court in the interest of justice may order that one or more of such charges be tried separately.' OCGA § 16-1-7 (b) and (c). See generally *Dingler v. State*, 233 Ga. 462, 463 (211 SE2d 752) (1975)." *Spradlin v. State*, 174 Ga. App. 658 (1) (331 SE2d 50). In the case sub judice, the evidence of defendant's conduct in leaving the scene of the battery was relevant and pertinent to the charge that he obstructed an officer. Consequently, joinder of the two offenses was proper. *Spradlin v. State*, 174 Ga. App. 658 (1), supra.

2. Defendant contends the trial court erred in denying his motion for directed verdict with regard to the obstruction of an officer charge, arguing that he was justified in resisting arrest because Sergeant Woodall unlawfully attempted to arrest him without a warrant and without investigating defendant's explanation of the domestic

dispute as required by OCGA § 17-4-20.1. This argument is without merit.

"Warrantless arrests are lawful 'if the officer has probable cause to believe that an act of family violence, as defined in Code Section 19-13-1, has been committed.' OCGA § 17-4-20 (a). The OCGA § 19-13-1 definition of family violence includes [battery]." *Dennis v. State*, 220 Ga. App. 420 (2) (469 SE2d 494). The victim's on-the-scene accusations against defendant in the case sub judice, along with "visible bodily harm" to the victim's face, provided Sergeant Woodall with probable cause to believe that defendant had committed battery as proscribed by OCGA § 16-5-23.1 (a). Under these circumstances, it was unnecessary for Sergeant Woodall to investigate defendant's explanation of the domestic dispute as required by OCGA § 17-4-20.1. See *McCauley v. State*, 222 Ga. App. 600, 601 (475 SE2d 669). Because Sergeant Woodall was acting in the lawful discharge of his duties, defendant's resistance to arrest constituted the offense of obstructing a law enforcement officer. *Dennis v. State*, 220 Ga. App. 420 (2), supra. The evidence adduced at trial was sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of obstructing a law enforcement officer. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

3. Defendant contends the trial court erred in denying his motion for directed verdict with regard to the battery charge because the undisputed evidence shows that the victim initiated the argument by throwing a bowl of hot chili on him.

"According to Georgia law, '(a) person is justified in . . . using force against another when and to the extent that he reasonably believes that such threat or force is necessary to defend himself . . . against such other's imminent use of unlawful force. . . .' OCGA § 16-3-21 (a). Whether the circumstances are such to justify [a] defendant's response is a question for the jury. *Anderson v. State*, 245 Ga. 619 (1) (266 SE2d 221) (1980)." *McMichael v. State*, 194 Ga. App. 225 (390 SE2d 120). Although we question whether the circumstances in the case sub judice authorize a defense of justification, we find the evidence sufficient to authorize the jury's finding that defendant was not justified in beating the victim's face in response to the victim's act of tossing a bowl of hot chili on defendant. The victim's testimony that defendant stood over her and beat her face, photographs reflecting the extent of the victim's injuries and testimony indicating that defendant fled the domestic violence scene when the victim left to call the police, authorizes the jury's finding that defendant is guilty, beyond a reasonable doubt, of battery. OCGA § 16-5-23.1 (a); *Jackson v. Virginia*, 443 U. S. 307, supra.

4. In his second enumeration of error, defendant contends the trial court erred in admitting into evidence the first page of a family

violence report prepared by Officer Ivy which indicated that the victim reported that she had lodged "6-10" prior "complaints" against defendant. Defendant asserts that this report is inadmissible hearsay, was subject to a "continuing witness" objection and was therefore erroneously allowed to go out with the jury. See *Tibbs v. Tibbs*, 257 Ga. 370 (359 SE2d 674).

Although the trial court may have erred in admitting the family violence report into evidence, we find it highly unlikely that admission of this report affected the jury's verdict because the evidence of defendant's guilt of the offenses of which he was convicted is overwhelming. See *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869).

5. Defendant contends the trial court erred in allowing an internal affairs police officer to testify that Sergeant Woodall was exonerated of any wrongdoing in striking defendant while defendant was resisting arrest. Defendant waived the issues argued in support of this enumeration of error by failing to raise objections in the trial court. *Carr v. State*, 214 Ga. App. 367 (2), 368 (448 SE2d 33).

6. The trial court did not err in denying defendant's oral request to charge with regard to OCGA § 17-4-20.1 (b) because defendant failed to submit a written request to charge on this Code section. *Grady v. State*, 212 Ga. App. 118, 119 (3) (441 SE2d 253).

*Judgment affirmed. Senior Appellate Judge Harold R. Banke concurs. Ruffin, J., concurs in the judgment only.*

DECIDED JANUARY 24, 1997.

*Kirby G. Bailey*, for appellant.
*Keith C. Martin, Solicitor, Evelyn Proctor, Assistant Solicitor*, for appellee.

