## A08A0144. GAINES v. THE STATE.
(656 SE2d 871)

BLACKBURN, Presiding Judge.

Following a jury trial, Jennifer Lynn Gaines appeals her conviction of aggravated assault[1] and possession of a firearm during commission of a felony,[2] contending that (1) the State failed to prove venue, and (2) the trial court erred in failing to give requested jury charges on reckless conduct, habitation, and mistake of fact. For the reasons that follow, we affirm.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [the defendant] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.

(Punctuation omitted.) *Eady v. State*.[3]

So viewed, the record shows that after Gaines and a friend had shared a pitcher of margaritas at lunch and consumed other alcohol, the two women returned to their apartment complex where they lived in adjacent apartments. People in the complex parking lot heard Gaines and her friend speaking loudly and acting intoxicated. When the friend's live-in boyfriend returned from work, the friend began arguing loudly with her boyfriend in the parking lot, clutching at him and pursuing him as he tried to walk away. As the two argued loudly, Gaines came out of her apartment and confronted the boyfriend. When the boyfriend asked Gaines "What are you going to do?", Gaines retrieved a loaded pistol from her apartment and returned to the parking lot where she pointed it at the boyfriend's head. A bystander told Gaines to put the gun down, at which point Gaines pointed the gun at the bystander, and the boyfriend snatched the gun from Gaines. The boyfriend removed the ammunition from the gun and placed it on a bench while another bystander called the police.

Gaines was charged with two counts of aggravated assault (for pointing the gun at the bystander and at the boyfriend) and possession of a firearm during commission of a felony. Following a jury trial, Gaines was convicted on one aggravated assault count, a lesser included charge of reckless conduct, and the firearm charge. After the denial of her motion for new trial, Gaines filed this appeal.

---

[1] OCGA § 16-5-21 (a) (2).

[2] OCGA § 16-11-106 (b) (1).

[3] *Eady v. State*, 256 Ga. App. 696 (569 SE2d 603) (2002).

1. Gaines contends that the State failed to prove venue was proper in Dawson County, where she was tried. We disagree.

"Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt." (Punctuation omitted.) *Jones v. State.*[4] Here, the State introduced testimony relevant to venue from two witnesses. The first was a police officer, who responded to the scene of the incident:

> Q: In the afternoon, approximately four o'clock or shortly thereafter, did you respond to the dispatch of an assault involving a gun over at the Pinewood Apartments on Reeves Road here in Dawson County?
> A: Yes, sir.
> Q: If you would, tell the jury what you saw when you arrived there at that complex.

The officer then proceeded to describe his investigation of Gaines's assault in this case, including finding the gun at the apartment complex and talking to witnesses at the complex.

The State also offered the following testimony of a bystander who witnessed the assault:

> Q: Did you have occasion to be at the Pinewood Apartments here in Dawson County on [the] afternoon [of Gaines's assault]?
> A: Yes, sir.

The witness likewise proceeded to describe the crimes for which Gaines was tried.

Gaines contends that this evidence merely established that the assault took place at the Pinewood Apartments but did not establish that the apartments were entirely in Dawson County. Therefore, Gaines relies on *King v. State,*[5] which held that "[e]stablishing the venue of a near-by site does not establish the venue of the crime site itself." (Punctuation omitted.) Here, however, the evidence showed that the assault occurred at the apartment complex itself (not at a nearby site), and there was no evidence showing that the apartment complex was not entirely in Dawson County, nor was there any dispute that the complex was located entirely in Dawson County.

---

[4] *Jones v. State*, 272 Ga. 900, 901 (2) (537 SE2d 80) (2000).
[5] *King v. State*, 271 Ga. App. 384, 387 (1) (609 SE2d 725) (2005).

Gaines herself testified that the assault took place within a car-length of her apartment door. Therefore, as the State adduced testimony from two witnesses that the assault took place "at the Pinewood Apartments . . . here in Dawson County," this enumeration is without merit. See *Green v. State*[6] ("the detective's testimony confirming that the location was in DeKalb County was sufficient to prove venue beyond a reasonable doubt"); *Cortez v. State*[7] ("[t]he testimony of one witness is generally sufficient to establish a fact").

2. Gaines also contends that the trial court erred in failing to give jury charges on mistake of fact, defense of habitation, and a lesser included charge of reckless conduct (as to one count of aggravated assault). However, at trial, Gaines only objected to the omission of a mistake-of-fact charge; she did not reserve or state objections or exceptions to the jury charges on any other basis. Therefore, with respect to reckless conduct and defense of habitation, she waived appellate review of the charges as given. See *Preer v. State*;[8] *Robinson v. State*.[9]

With respect to the mistake-of-fact charge, Gaines based her trial defense on justification, and the trial court gave charges on both justification and self-defense. "Where the defense is justification and self-defense and where, as here, the court gave a complete charge on those principles of law, a defendant is not entitled to a charge" on mistake of fact. *Bell v. State*.[10] Accordingly, this enumeration is without merit.

Gaines's remaining enumeration and motion are moot.

*Judgment affirmed. Miller and Ellington, JJ., concur.*


DECIDED JANUARY 17, 2008 —
RECONSIDERATION DENIED JANUARY 28, 2008 ▆▆▆▆▆▆

*Alton M. Adams*, for appellant.

*Lee Darragh, District Attorney, John G. Wilbanks, Jr., Assistant District Attorney*, for appellee.

---

[6] *Green v. State*, 254 Ga. App. 549, 550 (562 SE2d 835) (2002).

[7] *Cortez v. State*, 286 Ga. App. 170, 172 (1) (a) (648 SE2d 488) (2007).

[8] *Preer v. State*, 275 Ga. 125, 126 (2) (562 SE2d 175) (2002).

[9] *Robinson v. State*, 288 Ga. App. 219, 224 (6) (653 SE2d 810) (2007).

[10] *Bell v. State*, 280 Ga. 562, 567 (5) (b) (629 SE2d 213) (2006).