## A08A1128. HIGHT v. THE STATE.
(666 SE2d 678)

MILLER, Judge.

Following a jury trial, Michael Hight was convicted of possession of cocaine with intent to distribute (in violation of OCGA § 16-13-30 (b)), misdemeanor possession of marijuana (in violation of OCGA § 16-13-30 (j) (1)), and battery (in violation of OCGA § 16-5-23.1). He now appeals from the trial court's denial of his motion for a new trial, asserting that the trial court erred in (1) failing to grant his motion to suppress the police search of his car; (2) allowing certain testimony of his co-defendant, Freddy Perry, that allegedly placed Hight's character in issue and deprived him of his right to a fair trial; (3) allowing the arresting officer to testify as an expert witness in street-level drug use and distribution; (4) allowing the State to impermissibly place his character in evidence by cross-examining him regarding a similar transaction; and (5) failing to charge the jury on equal access. Discerning no error, we affirm.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and the defendant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.

(Citation and punctuation omitted.) *Gaines v. State*, 289 Ga. App. 339, 339 (656 SE2d 871) (2008). So viewed, the evidence shows that on January 21, 2004, Officer Richard Howard of the Oxford Police

---

[10] (Citation omitted.) *Dupree v. State*, 279 Ga. 613, 614 (619 SE2d 608) (2005).

Department responded to a 911 call regarding a domestic distur bance at a home in Newton County. Upon arriving at the scene, Officer Howard spoke with Felice Bailey, who reported that Hight, her boyfriend, had struck her in the face. Bailey explained that she was worried Hight might return to the house, and gave Officer Howard a description of the vehicle that Hight was driving. Later that day, Officer Howard made a traffic stop of a vehicle matching that description.

Hight was driving the car and his co-defendant, Perry, was a passenger. In response to Officer Howard's question, Hight admitted that he had been at Bailey's residence and that the two had argued, but denied that anything further had happened. Thereafter, Officer Howard arrested Hight and, during a search incident to that arrest, discovered approximately $455 in cash on Hight's person.

Officer Howard, along with Officer Bill Entrekin, also searched Hight's car pursuant to his arrest. When Officer Entrekin opened the passenger side door, a plastic bag containing three grams of marijuana fell out onto the street. The officers saw a second plastic bag, containing 2.1 grams of crack cocaine, inside the car.

At trial, the court qualified Officer Howard as an expert in street-level drug use, distribution, and possession. Officer Howard testified that he believed the crack cocaine found in Hight's car was for distribution purposes.

Perry testified that he was a "runner" for Hight, doing odd jobs in exchange for drugs. On the day of Hight's arrest, Hight had paid Perry in crack cocaine for assistance in building a shed, and had also given crack cocaine to another individual working on the shed. That same day, Perry had also seen Hight conducting a drug deal with another individual. Because Hight did not have all the drugs that the individual requested, Hight took Perry and went to retrieve an additional amount. As the two men were driving, Officer Howard pulled them over. Perry testified that when Officer Howard initiated the traffic stop, Hight tossed Perry the marijuana bag and told him to hide it in his pants. In response, Perry hid the bag on the floor, under the passenger's seat.

At trial, the State introduced, without objection, similar trans-action evidence, showing that Hight had been previously convicted of possession of cocaine with intent to distribute. This evidence in-cluded testimony as to the facts underlying that conviction.

Following his conviction in this case, Hight filed a motion for a new trial, which the trial court denied. This appeal followed.

1. Hight first asserts that the trial court erred in finding that his arrest was legal and in refusing to grant his motion to suppress the search of his car made incident to his arrest. We disagree.

Hight argues that the circumstances of his arrest do not fall

within one of the situations where arrests without a warrant are permissible under OCGA § 17-4-20.[1] However, in *Durden v. State*, 250 Ga. 325 (297 SE2d 237) (1982), the Supreme Court of Georgia held that "[a]n arrest and search, legal under federal law, are legal under state law." Id. at 327 (1). Under federal law,

> an arrest is constitutionally valid if, at the moment the arrest is made, the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the accused had committed or was committing an offense.

Id. at 326 (1). Thus, "an arrest meeting the constitutional requirements of probable cause is valid whether or not OCGA § 17-4-20 was violated." (Citation and punctuation omitted.) *Bodiford v. State*, 169 Ga. App. 760, 760-761 (315 SE2d 274) (1984). Here, Officer Howard clearly had probable cause to make an arrest for battery. See *McCauley v. State*, 222 Ga. App. 600, 601 (475 SE2d 669) (1996) (wife's statement to police officer that her husband had struck her sufficient to create probable cause to arrest defendant). Therefore, the trial court did not err in finding that Hight's arrest was legal.

Moreover, because Officers Howard and Entrekin searched Hight's vehicle immediately following his arrest, that search was also legal. See *State v. Hopkins*, 163 Ga. App. 141, 143 (2) (293 SE2d 529) (1982) (holding that "a search of the passenger compartment of an automobile recently occupied by an arrestee is a valid search incident to an arrest, even if the arrestee had no 'immediate control' of the area at the time the search was conducted") (citation and punctuation omitted). Accordingly, the trial court did not err in denying the motion to suppress evidence discovered during the search of Hight's car.

2. Hight next argues that the trial court erred in allowing the testimony of Perry, insofar as it put Hight's character in issue and thereby deprived him of his right to a fair trial. Hight complains that

---

[1] An arrest for a crime may be made by a law enforcement officer either under a warrant or without a warrant if the offense is committed in such officer's presence or within such officer's immediate knowledge; if the offender is endeavoring to escape; if the officer has probable cause to believe that an act of family violence, as defined in Code Section 19-13-1, has been committed; if the officer has probable cause to believe that an offense involving physical abuse has been committed against a vulnerable adult, who shall be for the purposes of this subsection a person 18 years old or older who is unable to protect himself or herself from physical or mental abuse because of a physical or mental impairment; or for other cause if there is likely to be failure of justice for want of a judicial officer to issue a warrant. OCGA § 17-4-20 (a).

during the defense's direct examination of Perry, the trial court allowed Perry to testify that he had known Hight "since the first time he got locked up." However, Hight failed to object to this testimony, failed to seek curative instructions, and failed to move for a mistrial at the time of the testimony. These failures preclude Hight from raising this issue on appeal. See *Dukes v. State*, 273 Ga. 890, 892 (3) (a) (548 SE2d 328) (2001) (defendant's failure to raise claim of error below regarding co-defendant's testimony waives same on appeal).

3. Hight next claims that the trial court erred in qualifying Officer Howard as an expert witness in street-level drug use and distribution. A trial court's decision as to a witness' qualifications to testify as an expert will not be reversed absent an abuse of discretion. *Yount v. State*, 249 Ga. App. 563, 565 (1) (548 SE2d 674) (2001). "An expert witness is anyone who, through training, education, skill, or experience, has particular knowledge that the average juror would not possess concerning questions of science, skill, trade, or the like." (Footnote omitted.) *Fielding v. State*, 278 Ga. 309, 311 (3) (602 SE2d 597) (2004). In *O'Donnell v. State*, 200 Ga. App. 829 (409 SE2d 579) (1991), this Court found no abuse of discretion where the trial court allowed a district attorney's investigator to be qualified as an expert witness in drug distribution, where the investigator "had collected and viewed evidence found in the possession of people involved in drug transactions in dozens if not hundreds of occasions." Id. at 834 (2). Here, Officer Howard testified to making 35 to 40 drug-related arrests, about half of which were for possession with intent to distribute. As in *O'Donnell*, the witness in question had experience in dozens of drug transactions. Therefore, the trial court did not abuse its discretion in qualifying Officer Howard as an expert witness in drug use and distribution.

Hight complains that Officer Howard failed to give any explanation, basis, or reason for his conclusion that Hight possessed the cocaine found in his car for distribution, rather than for personal use. However, "[w]hen a witness is qualified as an expert, it is not necessary that he state the facts on which his opinion is based. [Cit.]" *O'Donnell*, supra, 200 Ga. App. at 834 (2). Thus, Hight's enumeration of error on this point is without merit.

4. Hight contends that the State improperly used similar transaction evidence to place his character in question. Prior to trial, defense counsel stipulated that evidence of Hight's previous conviction for possession of cocaine with intent to distribute could be introduced for the limited purpose of showing Hight's guilty knowledge, intent, bent of mind, and course of conduct. During its case-in-chief, therefore, the State introduced Hight's prior conviction for that purpose. Subsequently, when cross-examining Hight, the

prosecutor asked him if his possession of cocaine resulting in that conviction was for personal use or for distribution purposes. Hight responded that he possessed that cocaine for distribution purposes.

On appeal, Hight argues that the State's cross-examination of him as to his prior conviction impermissibly placed his character in evidence. However, Hight failed to object to this questioning at trial, and therefore has waived his right to raise this issue on appeal. See *Young v. State*, 269 Ga. 478, 479 (3) (499 SE2d 60) (1998). Even absent waiver, though, we do not find the questioning improper. "[E]vidence showing intent, motive, plan, scheme and bent of mind is admissible although such evidence may also place in issue the character of the defendant. [Cit.]" *Causey v. State*, 154 Ga. App. 76, 79 (3) (267 SE2d 475) (1980). Therefore, the trial court did not err in allowing this testimony.

5. Finally, Hight argues that the trial court erred in refusing to charge the jury on equal access.

> The equal access rule, as it applies in the automobile context, is merely that evidence showing that a person or persons other than the owner or driver of the automobile had equal access to contraband found in the automobile may or will, depending upon the strength of the evidence, *overcome the presumption that the contraband was in the exclusive possession of the owner or driver*.

(Citation and punctuation omitted; emphasis in original.) *State v. Johnson*, 280 Ga. 511, 512 (630 SE2d 377) (2006). However,

> [e]qual access is merely a defense available to the accused to whom a presumption of possession flows. Where the State did not show the indicia giving rise to the presumption, that is, ownership or exclusive control of the vehicle, no presumption arose and therefore there was no triggering of the equal access defense.

(Citation and punctuation omitted.) Id. at 513. Here, the only evidence presented regarding ownership of the vehicle was Officer Howard's testimony that it belonged to a relative of Hight. Therefore, no presumption arose which would have required an equal access charge. See id.

Moreover, the equal access rule "applies only where the sole evidence of possession of contraband found in the vehicle is the defendant's ownership or possession of the vehicle." (Citation and punctuation omitted.) *Johnson*, supra, 280 Ga. at 514. Here, however, there was additional evidence showing that the drugs belonged

to Hight, including the large sum of cash on his person, and Hight's prior conviction for possession of cocaine with intent to distribute. Additionally, Perry testified that Hight paid him by supplying him with drugs and that Hight conducted another drug transaction the day of his arrest. Thus, even if Hight owned or was in exclusive control of the vehicle, it was not the sole evidence of his possession of cocaine, and the trial court therefore did not err in refusing to give the equal access charge. See id.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JULY 10, 2008 —
RECONSIDERATION DISMISSED AUGUST 8, 2008.

*Charles E. Day*, for appellant.
*W. Kendall Wynne, Jr., District Attorney, Clint C. Malcolm, Assistant District Attorney*, for appellee.