### A10A1201. BLACK v. THE STATE.
(700 SE2d 892)

MIKELL, Judge.

A Burke County jury found Billy Ray Black guilty of child molestation and aggravated child molestation for sexually abusing his 11-year-old granddaughter, B. D. The trial court sentenced Black to 30 years, with 25 to be served in confinement and the balance on probation. Black appeals from the trial court's denial of his motion for a new trial. We find no error and affirm.

Viewed in the light most favorable to the verdict, the record shows that sometime between December 2005 and January 2006, Black was alone with B. D. at her parents' house while they were out. B. D. asked Black to pop her back and as she lay on the floor, he got on her back and popped it. Black then told B. D. to turn over and take off her clothes. After B. D. complied, Black touched her breasts and vagina; licked her vagina; took pictures of her with his camera; kissed her on the mouth; and unzipped his pants, exposing his penis, which B. D. refused to touch. Shortly after the incident, B. D. told her parents what happened, and they confronted Black. B. D.'s stepfather testified that Black admitted taking naked pictures of B. D.; that he destroyed the pictures; and that he said he wanted to kill himself.

An investigator with the Burke County Department of Family and Children Services ("DFCS") testified that her office became involved on June 23, 2006, when an anonymous fax was received in the office. That fax detailed allegations of sexual abuse against Black involving B. D. and Black's stepdaughter from his second marriage. The fax was sent by Black's sister-in-law. Black testified at trial and denied molesting B. D.

1. Black contends that the trial court erred by failing to give a curative instruction when a prosecution witness improperly referred to the molestation complaint against Black involving his stepdaughter. During the trial, the following colloquy occurred between the prosecutor and Delana Manning, an investigator with Toombs County DFCS:

Q: How are you familiar with this case?

A: Our agency . . . received a complaint in June of 2006 in regards to not only [B. D.] —
Q: Let's stick with [B. D.].

Defense counsel did not object to the statement or request a curative instruction. These failures preclude Black from raising the issue on appeal.[1] Black contends that since the trial court granted his pre-trial motion in limine to exclude certain testimony, defense counsel did not need to renew his objection at trial. The record does not support this contention. Prior to trial, Black moved to exclude evidence that he may have abused or molested his two daughters, and the trial court specifically ruled that it would sustain the motion with respect to *those two instances alone*. Black's stepdaughter's allegations, which were also mentioned in the fax, were not the subject of any pre-trial motions, and his claim to the contrary is an absolute misrepresentation of the record.

Even if the testimony were inadmissible, there was no reversible error. The record reflects that Black himself raised the issue during his direct examination, as follows:

Q: Now[,] the next person that had interaction with about this whole affair was who?
A: Delana [Manning].
Q: Tell us how that came about.
A: I came home from work one day. She had been out to see my wife and step-daughter. They told me that she asked that I give her a call and they told me what it was about. I called her, set up an appointment to go see her, and I think almost immediately went over to see her.
Q: Okay. And did you discuss this matter with her?
A: She read a letter to me that she had received anonymously and said that it referred to my molesting both my granddaughter and *my step-daughter.*
Q: Okay. And your step-daughter is who?
A: [E. S.]. She's 19 now. She was 17 years old at the time.
Q: Now did you talk with [Manning] about that?
A: Yes, I did.
Q: And what did you tell her?
A: I told her that I had not done what had been alleged in the fax to her, that I had not molested my granddaughter, [and] I had not molested my step-daughter.

[1] See *Dukes v. State*, 273 Ga. 890, 892 (3) (a) (548 SE2d 328) (2001). Accord *Hight v. State*, 293 Ga. App. 254, 257 (2) (666 SE2d 678) (2008).

(Emphasis supplied.) "For that reason, the [complained of] testimony . . . is merely cumulative, and we find it more than highly probable that its admission did not contribute to the verdict."[2]

2. Black next contends that the trial court erred in allowing the state to introduce evidence that he showed B. D. child pornography. Following the prosecutor's directive to "stick with [B. D.]," Manning testified, "[o]kay. The allegations and the complaint alleged that [B. D.] was being molested by her grandfather, as well as naked pictures were being taken of her and that there was child pornography being shown to her."

Relying on *Herring v. State*,[3] which quotes *Simpson v. State*,[4] Black maintains that this testimony was inadmissible because it was offered merely to show his lustful disposition. This argument is meritless. "First, it is not clear whether *Simpson* prohibits oral testimony regarding a defendant's possession of pornographic materials, as opposed to admission of the materials themselves."[5] Second, and more importantly, Black failed to object to the admission of the testimony at trial and, therefore, did not preserve the issue for appellate review.[6]

> Where appellant asserts error and no objection is made at the trial it cannot be made the basis of appellate review, either as a ground of a motion for new trial, or as a ground of enumerated error on direct appeal. Appellate courts review enumerations for correction of errors of law committed by the trial court — where motions or objections are properly presented for a ruling by the trial court. Enumerated errors which raise issues for the first time in a motion for new trial or on appeal present nothing for review.[7]

---

[2] (Citations and punctuation omitted.) *Hills v. State*, 190 Ga. App. 636, 636 (1) (379 SE2d 626) (1989). Additionally, we note that the prosecutor handled Manning's spontaneous remark immediately and decisively by directing her to "stick with [B. D.]."

[3] 288 Ga. App. 169, 173-174 (2) (b) (653 SE2d 494) (2007).

[4] 271 Ga. 772, 774 (1) (523 SE2d 320) (1999), holding that
[i]n a prosecution for a sexual offense, evidence of sexual paraphernalia found in defendant's possession is inadmissible unless it shows defendant's lustful disposition toward the sexual activity with which he is charged or his bent of mind to engage in that activity. Under this rule, sexually explicit material cannot be introduced merely to show a defendant's interest in sexual activity. It can only be admitted if it can be linked to the crime charged.
Id.

[5] (Punctuation and footnote omitted.) *Wiley v. State*, 271 Ga. App. 393, 396 (2) (609 SE2d 731) (2005).

[6] See id.

[7] (Footnote omitted.) *Ayers v. State*, 251 Ga. App. 623, 625-626 (5) (555 SE2d 4) (2001).

3. Black lastly contends that the trial court erred in allowing the state to introduce into evidence the anonymous fax sent to DFCS because it inflamed the jury and violated the court's order against suggesting that Black had molested "other children." The state sought to introduce the fax during the testimony of Black's sister-in-law. Defense counsel objected on relevancy and hearsay grounds, and the trial court overruled the objection.

We find this enumeration meritless for several reasons. First, Black's argument is focused on language in the fax, allegedly referring to other victims.[8] The record, however, reflects that a redacted copy of the fax went out to the jury. Since any language referring to "other children" had been redacted, we fail to see how the exhibit inflamed the jury. Second, even if the language had not been redacted, given our finding in Division 1, supra, that the trial court's order applied only to allegations by Black's daughters, admission of an unredacted copy of the fax would not have violated the trial court's order.[9]

Finally, we reject any contention that the trial court erred in concluding that the evidence was relevant.

> Admissibility of evidence is a matter which rests largely within the discretion of the trial court. Any evidence is relevant which logically tends to prove or disprove any material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material issue or issues is relevant. Since Georgia law favors the admission of any relevant evidence no matter how slight its probative value, even evidence of questionable or doubtful relevancy or competency should be admitted and its weight left to the jurors.[10]

The molestation occurred sometime in December 2005, but DFCS did not open an investigation until July 2006, and B. D.'s mother testified that she did not call the police after her daughter's outcry. The fax was relevant to explain how law enforcement and DFCS became involved in the matter and to corroborate Black's sister-in-law's testimony that she notified DFCS because she was afraid for other children. Accordingly, the trial court did not err in overruling Black's objection and admitting this evidence.

---

[8] See Division 1, supra.

[9] Given that a redacted copy of the fax went out with the jury, we need not consider whether an unredacted copy of the fax would have been inadmissible on other grounds.

[10] (Punctuation and footnotes omitted.) *Howell v. State*, 278 Ga. App. 634, 638-639 (3) (629 SE2d 398) (2006).

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 10, 2010.

*Phillips & Kitchings, Richard Phillips, Joseph C. Kitchings,* for appellant.

*Ashley Wright, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.