**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

October 11, 2012

# In the Court of Appeals of Georgia

A12A1377. PERRY v. THE STATE.

PHIPPS, Presiding Judge.

Clarence Perry, Jr., while driving an SUV on April 3, 2008, was stopped for suspected illegal window tint. Shemika Williams was the sole passenger. During the stop, the police found marijuana and cocaine inside the SUV and on Williams's person. Perry was charged with window tint violation;[1] Perry and Williams were both charged with possession of less than an ounce of marijuana[2] and with cocaine possession.[3] Perry was later also charged with the offense of influencing a witness[4]

---

[1] OCGA § 40-8-73.1 (b) (2).

[2] OCGA § 16-13-30 (j) (1).

[3] OCGA § 16-13-30 (a).

[4] OCGA § OCGA § 16-10-93 (a).

– Williams, in connection with the drug charges. Williams entered a negotiated plea of guilty to the drug charges against her, then testified for the state at Perry's jury trial, at which all charges against him were joined. A mistrial was declared on Perry's cocaine possession charge; the jury found Perry not guilty of influencing a witness; and Perry was convicted on the charges of window tint violation and marijuana possession. In this appeal, Perry contends that the trial court erred by refusing to sever his trial on the drug charges[5] from his trial on the charge of influencing a witness.[6] For reasons that follow, we affirm.

Evidence at Perry's trial included the following. Before Williams pled guilty, Perry sent requests to her through her mother for Williams to "take" the drug charges. Williams rejected his requests, and her mother informed Perry that Williams would admit guilt only for her part in the crimes. At her guilty plea hearing, Williams testified that, when the officer initiated the traffic stop, Perry was smoking a primo blunt, which she described as "crack and weed together"; that Perry quickly handed

---

[5] Perry makes no argument that the traffic and drug offenses should have been severed for trial purposes.

[6] See generally *Carter v. State*, 261 Ga. 344, 345 (1) (404 SE2d 432) (1991) (claim of error regarding failure to sever two offenses for trial is not necessarily rendered moot where defendant acquitted on one count).

her the blunt, along with crack cocaine rocks, and instructed her to throw it all out the window; that she did not do so because the officer had driven too close to them; that she did not smoke; and that the blunt and crack cocaine rocks were not hers, but belonged to Perry. Williams testified further at her guilty plea hearing that powder cocaine found in the back area of the SUV was hers.

At Perry's trial, Williams testified that she had pled guilty to both the marijuana and cocaine charges because both drugs had been found on her person and because she wanted to end the ordeal. Other witnesses at Perry's trial included the officer who initiated the traffic stop, who described the degree of the window tint and the confiscated suspected drug evidence; and experts in drug identification, who testified that certain confiscated evidence was determined to be marijuana or cocaine.

"Severance lies within the sound discretion of the trial judge since the facts in each case are likely to be unique."[7] Perry has demonstrated no abuse of discretion. Evidence of either crime would have been admissible at the trial of the other;[8]

_____

[7] *Watson v. State*, 176 Ga. App. 610, 611 (2) (337 SE2d 54) (1985) (citation and punctuation omitted); see *Johnson v. State*, 257 Ga. 731, 733 (2) (c) (363 SE2d 540) (1988) ("court has wide discretion in severance motions").

[8] See *Woolfolk v. State*, 282 Ga. 139, 140-141 (2) (644 SE2d 828) (2007) (where the evidence of one crime would be admissible in the trial of the other crime, it cannot be said that the trial court abused its discretion in denying the motion for

moreover, the charged offenses were neither so numerous nor so complex that the jury was unable to parse the evidence and correctly apply the law with regard to each charge.[9] Nothing in the case of *Carter v. State,*[10] which Perry cites, controls this case

---

severance); *Johnson*, supra (same); *Watson*, supra (joinder was proper, where evidence concerning the assault was inextricably bound to the evidence that appellant had threatened the victim in an attempt to influence her to drop the assault charge); see also *Dukes v. State*, 290 Ga. 486, 488 (3) (722 SE2d 701) (2012) (evidence of a defendant's attempt to influence or intimidate a witness can serve as circumstantial evidence of guilt); *Nguyen v. State*, 273 Ga. 389, 398 (3) (543 SE2d 5) (2001) (state may introduce evidence of a defendant's attempt to influence a witness as consciousness of guilt by conduct).

[9] See *Stewart v. State*, 277 Ga. 138, 139 (587 SE2d 602) (2003) (in determining whether to sever offenses, trial court must look to the number and complexity of the offenses charged and determine whether a trier of fact can parse the evidence and apply the law with regard to each charge).

[10] Supra.

to an outcome in his favor.[11] Indeed, Perry includes no argument as to how *Carter* entitles him to a reversal.[12]

*Judgment affirmed. Ellington, C. J., and Dillard, J., concur.*

---

[11] See id. at 344 (1) (explaining principle that where multiple offenses have been joined "solely on the ground that they are of the same or similar character, the defendant has an absolute right to a severance of the offenses"; authorizing trial court to exercise its discretion in other circumstances). Cf. *Johnson*, supra at 732-733 (2) (finding that the principle "[w]henever two or more offenses have been joined for trial *solely* on the ground that they are of the same or similar character, the defendant shall have a right to a severance of the offenses" did not control severance determination, where counts were not joined for trial solely because they were similar, proof of defendant's guilt in one event tended to establish his guilt in the other, and evidence of one crime would be admissible in the trial of the other crime) (emphasis in original).

[12] See generally Court of Appeals Rule 25 (a) (3).