# Court of Appeals
# of the State of Georgia

ATLANTA,  July 18, 2018

*The Court of Appeals hereby passes the following order:*

**A18A2033.  BILLY RAY BLACK v. THE STATE.**

In 2007, a jury convicted Billy Ray Black of aggravated child molestation (Count 1) and child molestation (Count 2).  The trial court sentenced Black to: 30 years on Count 1, with 15 years in confinement and 15 years on probation; and 20 years on Count 2, with 10 years in confinement and 10 years on probation, to be served consecutively to Count 1.  We affirmed Black's convictions on direct appeal.  See *Black v. State*, 305 Ga. App. 903 (700 SE2d 892) (2010).

In 2016, Black filed several motions to correct a void or illegal sentence.  He contended that the trial court: failed to impose a split-sentence consisting of both probation and imprisonment; improperly imposed a consecutive sentence; failed to merge Count 1 with Count 2; and failed to instruct the jury regarding a lesser-included offense.  The trial court dismissed Black's motions, and this appeal followed.  We, however, lack jurisdiction.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217, n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Black's sentence was within the statutory range of punishment. See OCGA § 16-6-4 (d) (1) (2005)[1] ("A person convicted of the offense of aggravated child molestation shall be punished by imprisonment for not less than ten nor more than 30 years."); OCGA § 16-6-4 (b) (2005) ("A person convicted of a first offense of child molestation shall be punished by imprisonment for not less than five nor more than 20 years."). The trial court also complied with the mandatory minimum requirements as set forth in OCGA § 17-10-6.1 (2005), and the trial court was empowered to impose a consecutive sentence. See *Jefferson v. State*, 209 Ga. App. 859, 863 (3) (434 SE2d 814) (1993) ("It is within the trial court's discretion to sentence consecutively."); OCGA § 17-10-10 (a).

Finally, Black's arguments regarding merger and jury instructions are a challenge to his conviction, not his sentence, and thus do not state a valid void sentence claim. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010) (a claim of failure to merge a conviction as a matter of fact is a challenge to a defendant's conviction and not a valid void-sentence claim). Because Black has not raised a valid void-sentence claim, we lack jurisdiction to consider his appeal. See *Harper*, 286 Ga. at 218 (2). Moreover, to the extent that Black's motion could be construed as seeking to vacate or modify his convictions, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," id. at 218 (1), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

---

[1] Black was subject to the 2005 versions of these statutes at the time he committed the offenses. Additionally, the split-sentence requirement of OCGA § 17-10-6.2 was not yet in effect. However, even if it was, the trial court imposed a split sentence consisting of both probation and imprisonment.

Accordingly, for the reasons stated above, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __07/18/2018__
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*